JUDGE LINDSAY
delivered the opinion oe the court.
The court in which a judgment or final order has been rendered or made has power, after the expiration of the term, to vacate or modify such judgment or final order, by granting a new trial, where there have been erroneous proceedings against an infant, married woman, or person of unsound mind, and where the condition of the defendant does not appear in the record nor the error in the proceeding. (Subsection 5, section 579, Civil Code of Practice.) In a case like this, where the infancy of the defendant does appear in the record, and the error in the proceeding does not, the court may vacate or modify its judgment when the infant shall within twelve months after arriving at the age of twenty-one years appear and show cause against it. (Subsection 8, section 579, and section 421, Civil Code.) In such a case it is not material to inquire as to the regularity of the proceedings in the original action. If they are irregular, and that fact appears in the record, remedy may be had by appeal; but the infant may waive mere errors or irregularities in the preparation of the cause, even when they are patent, and proceed at once to have the judgment vacated or modified upon the merits of the controversy.
When, as in this case, it is sought to have the judgment vacated an investigation into the regularity of the original proceedings is neither necessary nor proper. The judgment is prima fade correct, and the onus is upon the infants to show, not that it ought not to have been rendered, in view *620 of the defective preparation of the cause, but that it is unjust and unauthorized by the law applicable to the facts of the particular case.
The errors contemplated by subsection 8, section 579, are such as affect the substantial rights of the infants, and to obtain relief they must show that actual “injustice has been done them.” (18 B. Mon. 670.)
In the action of the administrator of Mrs. Richards against her heirs and creditors a tract of land was subjected by the chancellor to the payment of the intestate’s debts, upon the idea, that she was the absolute owner thereof while alive, and that these appellants held no title or claim to the land except such as descended to them as her heirs at law. If this theory be correct, the judgment should not be disturbed, although oral testimony may have been heard by the chancellor with the consent of the guardian ad litem, and. although the defense made to the action may have been merely formal. But appellants allege in their petition that the contract under which their mother held an interest in the land secured to her only a life-estate, and that they were the owners in fee of the remainder.
L. F. Anderson purchased the land at commissioner’s sale. He consented that Mrs. Richards and her husband should sell off enough land to satisfy his claim. The administrator insists that the contract was that when this was done Mrs. Richards was to own the balance of the land absolutely. The appellants insist that she and their father were each to own a life-interest in such balance, and that the remainder in fee was to be secured to them. The record of the administrator’s suit does not show that appellants set up this claim. It could not therefore have been the subject of adjudication in that action. If the contract with Anderson was as claimed by appellants, then they took as purchasers from him, and not as the heirs at law of their mother, and it was unjust to sell their land to pay her debts.
*621 The objection to the petition was in the nature of a general demurrer. It conceded for the time being all its material averments. If they are true, the judgment is erroneous in law and ought to be vacated. The fact that the contract with Anderson was never reduced to writing avails nothing in favor of appellee. Anderson’s heirs did not choose to rely on the statute of frauds. They permitted the commissioner to convey the land directly to these appellants. This invested them with title, and divested Anderson’s heirs of all right or claim. The onus then was upon the administrator to show that appellants obtained the conveyance because they were the heirs at law of Mrs. Richards. Presumptively their title was unimpeachable so far as he was concerned. They show a claim enforceable by law, and they propose in this action to establish the fact that they hold as purchasers from Anderson and not as heirs at law of the intestate. It would be unjust and unprecedented to refuse to allow them an opportunity to do so.
The judgment is reversed, and the cause remanded with instructions to permit the petition of appellants to be filed, and for further proceedings not inconsistent with this opinion.