Baker v. Baker, &c.

CASE 72—PETITION—OCTOBER 9.

# Baker v. Baker, &c.

APPEAL FROM KNOX CIRCUIT COURT.

| 87 | 461 |
|----|-----|
| 92 | 303 |

| 87 | 461 |
|-----|-----|
| 106 | 250 |
| 106 | 251 |

| 87 | 461 |
|------|-----|
| e111 | 845 |
| d111 | 846 |

| 87 | 461 |
|-----|-----|
| 133 | 780 |

1. APPEALS—FILING OF MANDATE.—Where the opinion and mandate of the appellate court, upon the return of a case to the circuit court, are filed of record in open court, no notice is required to be served on the adverse party in order to give the case the same position on the docket it had before the appeal was taken, as both parties are regarded as being present in court; and the case stands ready for submission, subject to an order of continuance, if not then prepared for trial consistent with the opinion of this court.

2. REVERSAL OF JUDGMENT—RESTITUTION.—The rule that the reversal of a judgment for the sale of land does not divest the title of the purchaser under the judgment, even though he be the plaintiff in the action, does not apply where the land ordered to be sold and purchased by the plaintiff was the property of another than the defendant, and the supposed indebtedness of the defendant, which it was sold to satisfy, has been finally adjudged not to exist.

A personal judgment was rendered against the defendant, and land which he had conveyed to others was ordered to be sold to satisfy it. Upon appeal that judgment was reversed and the plaintiff adjudged to be indebted to the defendant. The land having been sold under the judgment, and purchased by the plaintiff, upon the return of the case, the owners of the land, by motion and pleading, asked to have the land restored to them, which was done. *Held*—That they were entitled to the relief granted.

EDWARD W. HINES for appellant.

1. The judgment appealed from is void for the reason that appellant had no notice of the filing of the mandate. After an appeal and reversal a case does not stand for trial in the lower court until notice of the filing of the mandate has been given. (Civil Code, section 761, subsection 2.)

2. If the judgment is not void, it is erroneous in so far as it cancels the deeds to appellant and restores the title to appellees. The reversal of a judgment does not affect the title of a purchaser under it, even though the plaintiff be the purchaser.

C. W. LESTER of counsel on same side.

A. DUVALL for appellees.

As the mandate was filed in open court, no notice of the filing was necessary. Therefore, the judgment was not void, and it was not void for the further reason that appellant appeared in the action.

JOHN L. SCOTT.

The judgment followed the mandate of the Court of Appeals, and must, therefore, be affirmed.

CHIEF JUSTICE LEWIS delivered the opinion of the court.

In March, 1880, D. C. Baker recovered a personal judgment for about six thousand dollars against John W. Baker, and two tracts of land, which the latter had, in 1877, conveyed to Caroline F. Jackson and John E. Baker, were made subject and directed sold to satisfy it.

From that judgment an appeal was taken, and in April, 1883, it was reversed by this court.

At the February term, 1884, of the lower court, the

opinion and mandate of this court were filed, and it appears from the transcript before us an amended answer was then filed, and the actions submitted; though another order filing the answer was made at the succeeding term, and evidently there was not then a submission.

In the answer the former judgment, opinion and mandate are set forth, and the further statement made that during the pendency of the appeal to this court the two tracts of land mentioned had been sold under the judgment, the plaintiff, who, it is alleged, is insolvent, becoming the purchaser, and then having the land in his possession.

The relief prayed for was a reference of the accounts between D. C. and John W. Baker for a settlement, and ʮjudgment in accordance with the opinion of this court, and also judgment setting aside the sales of the two tracts of land and restoration of possession thereof to Jackson and John E. Baker.

At the February term, 1885, personal judgment was rendered in favor of John W. Baker against D. C. Baker for about two thousand dollars, being the amount reported by the master commissioner as due, and also setting aside the sales of the two tracts of land, and for the possession, as prayed for.

It is contended, as a ground for reversal, that the judgment is void because no notice of the filing of the opinion and mandate was given to D. C. Baker, as subsection 2, section 761, of the Civil Code, requires. That subsection is as follows: "If a judgment be reversed, and the case remanded for a trial, or other proceedings, it shall stand for trial, or for such

other proceedings, in the court whence the appeal was taken, at the next succeeding term thereof: *Provided*, that the mandate of the Court of Appeals be filed in the clerk's office of the lower court, and notice thereof given to the adverse party, if he be in the county, or, if he be absent from the county, to his attorney, ten days before the commencement of such term. Such case shall have the same position on the docket of such court as if no appeal had been taken, and at any time after the mandate is filed and notice thereof given, as aforesaid, either party may take depositions as in other cases.''

It seems to us the proviso in that subsection was intended to apply only when the mandate is filed in the clerk's office, and it is necessary to take depositions to prepare the case for trial. But when the opinion and mandate are filed of record in open court no notice is required to be served on the adverse party in order to give the case the same position on the docket it had before the appeal was taken, for both parties are regarded as being present in court, and the case stands ready for submission, subject to an order of continuance if not then prepared for trial consistent with the opinion of this court.

Here, however, no question of notice could properly arise under any construction of that subsection, for the plaintiff, here appellant, excepted to the order being entered at the August term, 1884, filing the amended answer to the written motion to set aside the deeds made to him, which was then acted on and overruled, and to the motion to refer the case to the master commissioner, which not only show he was

present in court, but amount to a waiver of notice if it had been required.

No exception was taken to the report of the master commissioner filed at the February term, 1885, nor is objection now made to the personal judgment based thereon in favor of the defendant, John W. Baker. But a reversal is contended for only to the extent it set aside the sales of the two tracts of land and restored the possession thereof to appellees, Jackson and John E. Baker, and whether the court erred in that respect is the principal question in this case.

In the case of Yocum v. Foreman, 14 Bush, 494, upon a review of authorities upon the subject of purchases at judicial sales, the general rule was announced, as then said, in accordance with previous decisions of this court, that "the validity of judicial sales depends upon the jurisdiction of the court rendering the judgment, and when this fact is conceded, parties to the record who are purchasers, as well as strangers, will be protected, and the reversal of the judgment on an appeal will not divest them of title."

In that case the property sold under the erroneous judgment belonged to the defendant and alleged debtor to the plaintiff, and, in stating the rule, it was limited in its application to title acquired under a judicial sale as against a defendant. But it was not then decided, nor do we think any consideration of policy would require or justify courts in holding purchases of property belonging to another than the judgment debtor as valid when the judgment has been reversed, and the plaintiff and purchaser finally adjudged to be the debtor instead of creditor.

In this case, Jackson and John E. Baker were purchasers of the two tracts of land for a consideration that was, between them and John W. Baker, valid and binding, and the right of D. C. Baker to subject them to sale was based upon the supposed indebtedness of the vendor to him, that it has been finally adjudged does not, in fact, exist.

Judicial sales are upheld as a matter of policy, so far as the creditor and debtor are affected, it being supposed to be the interest of both that bidding should be encouraged that the property may bring a fair price ; and as to strangers, they have a right to rely on the validity of a judgment which directs a sale of property. But the interest of neither the debtor or creditor should be conserved by doing a positive wrong and injury to third parties who do not sustain the attitude of debtor to the plaintiff. The effect of reversing the judgment in this case would be to permanently deprive Jackson and John E. Baker of the two tracts of land, without any fault of theirs, and invest the title in appellant who has never, and, being insolvent, probably never will, recompense them.

He instituted the actions to recover on a debt it has been adjudged was not in whole or in part due him. The two tracts of land are in his possession by a purchase at a sale erroneously made to satisfy the unfounded claim, and to permit him to hold and enjoy them to the injury of the rightful owners, who are not in fault, is not required by sound policy or sanctioned by justice.

Judgment affirmed.