CASE 27—ACTION TO CANCEL DEED AND RECOVER LAND—
MARCH 18.

## Spicer, Etc. v. Seale.

APPEAL FROM OWSLEY CIRCUIT COURT.

JUDICIAL SALE—UNDER ERRONEOUS JUDGMENT.—A purchaser of land
    from defendant in an action in which the land is attached as a pro-
    visional remedy, takes title subject to the attachment lien.
    Upon his death this title descends to his heirs, and the plain-
    tiff in the attachment action having acquired title to the land to
    satisfy a judgment claim which was ultimately determined to
    be invalid, the heirs of the purchaser from the defendant are
    entitled to a cancellation of the commissioner's deed to the plain-
    tiff and to the recovery of the net rents.

JAMES M. SEBASTIAN FOR THE APPELLANTS.

1. The appellee Seale by the attachment against Chambers did not
    acquire any greater interest in the land in contest than the de-
    fendant Chambers, at the time the attachment issued, and was
    placed in the hands of the sheriff, had.    That interest was only
    an equity.    The plaintiffs who were in possession with a title
    to the land not from G. D. Chambers only but from Pleasant Wil-
    son, the title-holder, were not before the court when the order

Spicer, &c., v. Seale.

of sale was made in June, 1879—their ancestor G. W. Spicer having departed this life while living on the land on the 30th of August, 1877.

2. It was fraud in Seale to attempt to have a judgment executed pending a decision of the Court of Appeals.

3. The plaintiff's petition was good as originally drawn; it was good as amended, and good reformed.

4. The title required by Seale was acquired under a judgment for a claim which was ultimately held to be invalid. So far, therefore, as predicating rights was concerned, the judgment was a void judgment and no title could be acquired under it. Green v. Breckinridge, 4 Mon., 545; Jones v. Commercial Bank, 88 Ky., 642; Denham v. Anderson, 14 Ky. Law Rep., 391; Feltman v. Butts, 8 Bush, 115; Simpson v. Hawkins, &c., 1 Dana, 115; Bright v. Banks, 6 Mon., 205; Rily v. Rily, 3 Dana, 79; Sutton v. Pollard, 16 Ky. Law Rep., 685; Brown v. Vancleave, 14 Ky. Law Rep., 392; Baker v. Baker, 87 Ky., 461; Yocum v. Foreman, 14 Bush, 494; Burrell's Law Dict., subject *"pendente lite."*

C. P. CHENAULT ON THE SAME SIDE.

The commissioner's deed under which Seale held was executed without any consideration whatever. Baker v. Baker, 87 Ky., 461.

E. E. HOGG AND ROBT. RIDDLE FOR THE APPELLEE.

Counsel stated the position of the appellant as follows: "First, the position of appellees is that the granting a new trial destroys the effect of the sale under the original judgment; second, that legal title was not in G. D. Chambers and consequently the attachment created no lien." Both of these contentions were combated by counsel upon the authority of Yocum v. Foreman, 14 Bush, 494.

It was further contended that G. W. Spicer was a purchaser *pendente lite.*

Citations: 5 Mon., 445; 5 J. J. Mar., 638; 10 B. Mon., 446; 8 B. Mon., 102; 18 B. Mon., 230; 2 Met., 550; 4 Dana, 438; 12 B. Mon., 472.

E. E. HOGG AND RIDDLE & RIDDLE IN A PETITION FOR A REHEARING.

The appellants' ancestor, Spicer, having purchased pending the litigation, stood precisely in the attitude of Chambers, and according to the unbroken rule of property in Kentucky, Chambers himself could not have recovered this land.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In 1863, appellee, J. W. Seale, sued one Chambers in the Owsley circuit court for damages, claiming $2,000. To secure any judgment, as well as to obtain jurisdiction, an attachment was obtained and levied on a tract of land in Owsley county. After the levy of this attachment, and before a trial of any kind was had of the action, G. W. Spicer, ancestor of these appellants, bought the land, and took a deed of general warranty from Chambers and one Wilson. Chambers entered his appearance to the action of Seale, and controverted the grounds of attachment. A demurrer to the petition was sustained, and the action was dismissed, and attachment discharged. Seale prosecuted an appeal to this court, and reversed the judgment sustaining the demurrer, and the cause was remanded for trial. A change of venue was taken, and the case sent to Wolfe county for trial. In this county a trial was had in the absence of Chambers, and a judgment was rendered in favor of Seale for $1,500; and the attachment was sustained, and a decree of sale rendered, directing a sale of the land to satisfy the judgment. Chambers prosecuted an appeal from that judgment and decree of sale to this court. On that appeal this court affirmed the personal judgment, but reversed the decree of sale on account of the description of the land being defective. Pending that appeal, Chambers brought an action for new trial, alleging unavoidable casualty that prevented him from being present at the trial. On the affirmance of the personal judgment, as above, the lower court dismissed this action by Chambers for new trial, and corrected the decree of sale of the land to conform to the opinion of this court.

From the judgment dismissing the petition of Chambers for a new trial, he appealed to this court; and that judg-

ment was reversed, and the cause remanded for a new trial of the original action of Seale, wherein he obtained the judgment of $1,500. Pending this appeal by Chambers, the land was sold under the judgment and decree of Seale, and at that sale appellee, Seale, became the purchaser at the price of $705, much less than his judgment debt. This sale was confirmed to Seale, and deed was made to him. This deed of the commissioner bears date December 24, 1879. Upon the return of the case, after a second change of venue to Breathitt county, a trial of the original case of Seale against Chambers resulted in a verdict and judgment for defendant, Chambers. Seale prosecuted an appeal to the Superior Court, and that court, in April, 1887, affirmed that judgment in favor of Chambers. So that it finally was adjudged that Seale had no cause of action against Chambers.

Some time in 1880 or 1881, appellee, Seale, under a writ of possession, was placed in possession of the land, and has remained in possession ever since. In 1891 the appellants the heirs at law of G. W. Spicer, brought this action in equity, seeking to have the deed to appellee, Seale, made by the commissioner under the decree, set aside, and the land adjudged to them, and that they recover damages for its detention.

Appellee, for defense, relied on the regularity and conclusiveness of the judgment, decree, and deed to him, and limitation. It is not contended that appellee, Seale, has ever paid anything for the land, as the judgment and decree under which he bought was in his favor, and was reversed and set aside.

Upon trial of this action, the court below denied the relief sought and dismissed appellant's petition absolutely, and hence this appeal.

It is clear that the defendant in the old action, Chambers had a right to sell the land and pass title subject to the attachment lien of the appellee, Seale. This he did to Spicer, ancestor of these appellants. It is also clear that Spicer was a *lis pendens* purchaser, and was bound by the judgment in that action, although not a party. It appears that Spicer died in 1877, some time before the sale by the commissioner, when appellee purchased; and the action was not revived against these appellants, Spicer's heirs, nor were they made parties by amendment. This land descended to these appellants subject to the lien for the claim of appellee, Seale, against Chambers. In the case of Baker v. Baker, 87 Ky. 461, [9 S. W. 382], this court said: "In that case (Yocum v. Foreman, 14 Bush, 494) the property sold under the erroneous judgment belonged to the defendant, and alleged debtor to the plaintiff; and, in stating the rule, it was limited in its application to title acquired under a judicial sale as against a defendant. But it was not then decided, nor do we think any consideration of policy would require or justify courts in holding purchases of property belonging to another than the judgment debtor as valid when the judgment has been reversed; and the plaintiff and purchaser finally adjudged to be the debtor, instead of creditor. . . . He instituted the actions to recover on a debt it had been adjudged was not in whole or in part due him. The two tracts of land are in his possession by a purchase at a sale erroneously made to satisfy the unfounded claim; and to permit him to hold and enjoy them, to the injury of the rightful owners, who are not in fault, is not required by sound policy, or sanctioned by justice."

So, in this case it seems to us that the principles of equity and common justice would mean nothing, and courts of law be a farce, if there could be no relief granted here.

If appellants are denied relief, it would amount to confiscation of their property, not only without the forms of law, but against the law itself, which finally adjudged that appellee, Seale, had no lien, but that the land belonged to Chambers when sold to appellants' ancestors free of lien.

The plea of limitation is not available, for the action was brought within five years after the final determination of the action of Seale against Chambers; and appellants were bound by the judgment in that case, and their cause of action to cancel the deed did not accrue till that case was finally determined, which was in April, 1887.

By the authority of Baker v. Baker, supra, it is clear that appellee, Seale, can not hold the land. The judgment of the lower court was therefore erroneous in denying appellants relief.

There is no theory of the law, and certainly none in equity, that would authorize appellee to hold the land and also the purchase price bid by him. However, appellants elected to sue for the land; and it appears from the proof that the land was never worth exceeding $500, and it would be inequitable to require appellee to pay his bid and its accrued interest for this land, when he bid more than it was really worth.

There was proof taken as to the value of the land and the annual rental value; and we conclude from the proof that a very low estimate would be $25 a year, this amount to be net, after the improvements and taxes are deducted. The court should, we are of opinion, have canceled the deed, restored the land to appellants, and awarded rents at the rate of $25 per annum from the year 1886, as all prior to that are barred by limitations.

For the reasons indicated, the judgment is reversed, and

cause remanded, with directions to the lower court to render judgment canceling the deed, awarding possession of the land to appellants, and for $300 rents, with no deductions for improvements made or taxes paid, and for proceedings consistent herewith.