CASE 94—ACTION TO RECOVER LAND—OCT. 24

# Blake, &c., v. Wolfe, &c.

APPEAL FROM OWSLEY CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. AFFIRMED.

JUDICIAL SALES—TITLE OF PURCHASER—REVERSAL OF JUDGMENT.

Held: The purchaser at a judicial sale, though he be the plaintiff in the action, acquires a good title as against the judgment defendant though the judgment directing the sale be subsequently reversed.

JAS. M. SEBASTIAN, ATTORNEY FOR APPELLANTS.

This case grows out of the suit of Gideon Wolfe, &c. v. Wm. Blake, &c., in which plaintiffs recover a judgment in the Owsley circuit court, and which was appealed to the court of appeals and reversed and the plea of limitation to all the plaintiff's causes of action was sustained, and the court below was directed to dismiss the plaintiff's petition, which was done. See Blake v. Wolfe, 20 Ky. Law Rep., 1212.

The judgment was not superseded pending the appeal, and plaintiffs proceeded to sell the property in litigation, and bid it in themselves and title was made to them in as short a time as it could legally be done, and the appellee, E. E. Hogg, attorney for defendants, Wolfe, became the owner of all the fees against defendants Wolfe brought suit in Owsley circuit court and obtained a judgment lien against the land so purchased by Wolfes and had the same sold and bid it in himself for his fees, amounting to $502.18, but several months before the time for redemption had run, Riley and Gideon Wolfe sold a material part of said land to appellee, Jesse Wilson, who agreed to pay Hogg's lien for a certain described portion of the land which was then conveyed to Jesse Wilson, who made his promissory note to E. E. Hogg for the judgment debt, except $85, which was paid; and at the same time and in the same trade, said Riley and Gideon Wolfe, made a mortgage to said Jesse Wilson for $360 in debts which the Wolfes and Gideon Wolfe's father-in-law is claimed to have owed Wilson. The circuit court adjudged that Wilson should be protected in his purchase. This judgment, it is contended, is erroneous, and should be reversed on the following grounds:

Blake, &c., v. Wolfe, &c.

1. The judgment in favor of Gideon Wolfe, &c., v. Blake, was ren-
   dered on a claim barred by limitation and was void.
2. E. E. Hogg's claim for attorney's fees was a lien upon any
   proper judgment his client's might obtain, but when the judg-
   ment is reversed his lien fails with it.        •
3 Because the court is under no obligation to protect Jesse Wil-
   son who is a voluntary purchaser with notice.    He knew of the
   pendency of the appeal and that Blake was diligently pros-
   ecuting and expecting to gain the case.
4. The claims of Hogg and Wilson are shrouded with fraud, the
   suit was unreasonably buried.    The land was sold for Hogg's
   fee before the case was disposed of in the court of last re-
   sort.    The sale from Gideon and Riley Wolfe was made January
   19, 1899; the decision of the court was handed down on the
   20th.    Wilson purchased the land at the solicitation of Hogg
   with the verbal assurance that he would see to it that he
   would get a good title and Wilson made the purchase to se-
   cure some bad debts.    The sale was in bad faith and made to
   defeat the mandate of the court, and taking an undue advan-
   tage of Wm. Blake and wife.

   It has has been held that where a final judgment is reversed
   on appeal, the party reversing is, in general, entitled to restitu-
   tion of all things lost by reason of the erroneous judgment
   in the lower court and accordingly the court will, when jus-
   tice requires it, as far as possible, place parties as nearly
   as may be, in the same condition as before the erroneous judg-
   ment was rendered.

## AUTHORITIES.

   Ency. Pl., and Pr., vol. 18, p. 871; Gregerly v. Litsey, 9 B.
M., 43; Morgan v. Hart, 9 B. Mon., 79; Bell v. Lovely, 4 Dana,
731; Breeding v. Taylor, 6 B. Mon., 65; Spencer v. Seale, 20
Ky. Law Rep., (1869) Baker v. Baker 87 Ky., 461; Galpin v.
Page, 18 Wallace, 355; Freeman on Void Judgments, sec. 35;
Gregsley v. Barr, 14 Bush, 330; Skaggs v. Henis, 5 Ky. Law
Rep., 106.

E. E. HOGG, ATTORNEY FOR APPELLEES,

   On January 4, 1893, Gideon Wolfe and Riley Wolfe obtain-
ed judgment against Wm. Blake in the Owsley circuit court
on a bond as their guardian for over $2,000, and sought and
was adjudged a lien on defendant's land, it being alleged that
Blake had purchased the land with their money.

   The master commissioner sold the land in pursuance of the
judgment and plaintiffs Gideon and Riley Wolfe became the

purchasers at about $1,300, that being more than two-thirds
of its appraised value. In the meantime Blake took an appeal
to this court, but did not supersede the judgment. The sale
was reported and confirmed, and a writ of possession awarded
and Gideon and Riley put in possession of the land.

About this time, E. E. Hogg and H. H. Harris who were
the attorneys for Gideon and Riley Wolfe, brought suit to re-
cover for their legal fees and recovered judgment enforcing
their lien upon said land so recovered, for which judgment the
land was sold by the commissioner, and Hogg became the
purchaser, which sale was confirmed and the land not having
sold for two-thirds of its appraised value, the said Gideon and
Riley Wolfe on January 19, 1899, sold a parcel of it to one
Jesse Wilson in consideration that he would redeem it and
pay off the sale bond to Hogg and Harris. Wilson, on that
day paid off the sale bond and took a deed from Gideon and
Riley Wolfe for the parcel of land and a mortgage upon the re-
mainder for $360.

On January 20, 1899, the court of appeals handed down an
opinion reversing the judgments obtained by the Wolfes against
Blake, and on March 3, Blake filed this suit. The chancellor
rendered a judgment dismissing plaintiff's petition as to Hogg
and Harris and adjudging that Wilson is entitled to the par-
cel of land conveyed to him by G. and R. Wolfe, and a lien
on the balance of the land for what he has paid on the mort-
gage. He charges fraud and collusion, but fails to prove it.

Blake was entitled to a personal judgment against Gideon and
Riley Wolfe for the value of the property taken from him
under the judgment that was reversed. This fully embraces
his rights. It is a settled doctrine in this State that a judicial
sale must be upheld although the judgment under which it is
made be reversed and the remedy of the person who loses the
property is to recover its value from the person who had it
sold. Wm. Blake would not take a judgment for the value
of the property sold, but he got a judgment against Gideon and
Riley Wolfe for all the land save that part sold to Wilson,
and now he complains that he ought to have recovered that tract
and removed his lien on the remainder.

The sole question is whether the subsequent reversal of a
judgment for the sale of land divests the title of the purchaser
under the judgment. This question has been well settled in
this State in the case of Yocum v. Foreman, 14 Bush, 495, after
careful consideration by the court, in which all the authorities
in the State and out of it, were reviewed.

Blake, &c., v. Wolfe, &c.

### AUTHORITIES.

Parker Heirs v. Anderson, 5 Mon., 445; Amos v. Stockton, 5 J. J. M., 638; Clark v. Farrow, 10 B. Mon., 446; Benningfield v. Reed, 8 B. Mon., 102; Gosson v. Donalson, 18 B. Mon., 230; South Fork Canal Co v. Gordon, 2 Abbott, 485 U. S. Reports; Yocum v. Foreman, 14 Bush, 495; Cases cited, commented on and distinguished from the case at bar; Spicer v. Seale, 20 Ky. Law Rep.; Baker v. Baker, 87 Ky. 462; Freeman on Judgments, 4th edition, chap. 21, sec. 484.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

In 1893 appellees, Wolfe, brought suit against appellant, seeking to recover a large sum alleged to be due them on account of a guardianship by appellant. That action finally terminated in a judgment in appellee Wolfe's favor for $2,000, and a lien on a certain tract of land in Owsley county. Upon appeal to this court that judgment was reversed, with directions to dismiss on account of a plea of limitation. Pending the appeal, and before reversal, the land was sold under the decree, and purchased at decretal sale by the plaintiffs in that judgment, appellees, Wolfe, for some $1,300, being less than two-thirds of its appraised value. After the expiration of one year from the sale, it was confirmed, and deed made to them. After the confirmation, and yet before the judgment of this court on appeal, appellees, Wolfe, sold a portion of the land, and mortgaged the remainder, to appellee Jesse Wilson, to secure a debt due him. When the judgment in the former case was reversed, appellant Blake instituted this action, seeking to recover the land that had been sold under the decree in the former suit, making the Wolfes, Wilson, E. E. Hogg, and H. H. Harris parties defendant. It is not claimed that Hogg or Harris claim any part of the land, or any interest in same. In a second paragraph of his petition appellant asked a recovery against the Wolfes and

Wilson for $2,300, the value thereof. There was an issue raised as to the *bona fides* of the deed and mortgage to Wilson, and also as to whether Wilson had actual knowledge of the appeal from the former judgment. Upon these matters proof was taken, and it may be said it was shown that the transactions were real, and in good faith, as the deed and mortgage show; and, further, if it was material, that Wilson knew appellant had prosecuted an appeal from the Wolfe judgment. On final hearing appellant was adjudged and given all the land that had not been sold and conveyed by Wolfe subject to the mortgage debt due Wilson, but was denied a recovery of that conveyed to Wilson. The judgment does not determine as to appellant's right to recover personal judgment against appellees Wolfe. That part of the pleading seems to have been abandoned or ignored, possibly for the reason that appellees Wolfe are alleged to be utterly insolvent. From so much of the judgment as determines Wilson's right to the land purchased by him, and as to the priority of his mortgage lien over the claim of appellant Blake, an appeal was granted by the trial court, which, as this record shows, is the only appeal.

The question as thus presented is as to the rights of Wilson as vendee and mortgagee of this land sold at judicial sale under an erroneous judgment, and there purchased by the appellees, and conveyed afterwards to Wilson before reversal of erroneous decree of sale. The judgment rendered in favor of Wolfe against appellant Blake was not void, but merely erroneous. This being so, it is well settled that a judicial sale of the property of a judgment defendant, when purchased by a stranger, vests in him absolutely the title of the judgment debtor, and this title is not divested by a subsequent reversal of the judgment.

It is contended by appellant that the rule is different
where a purchase is made by the judgment plaintiff, and
that in such case a reversal of the erroneous judgment will
set aside the sale, or render it void *ipso facto*. We are re-
ferred to the cases of Baker v. Baker, 87 Ky., 461 (10 R. 430)
(9 S. W., 382) and Spicer v. Seale, 20 Ky. L. R.. 1869 (50 S.
W. 47) as sustaining the position. We are referred to other
cases to support the same doctrine, but an examination
shows they were cases of void judgments and sales, rather
than erroneous. On the other hand, we are referred by
appellees to the case of Yocum v. Foreman, 14 Bush, 494,
and cases there cited, as conclusively settling the doctrine
that, where the property of a judgment defendant is sold,
the purchaser acquires title although the judgment be
reversed. The cases of Baker v. Baker, and Spicer v.
Seale, supra, were each where the property of strangers
was wrongfully sold under an erroneous decree, and
it was held that upon reversal of the erroneous
judgment, to which the real owner was not a party, they
would be entitled to restitution from the judgment plain-
tiff, who had purchased their property. In neither of these
cases was the real owner of the property sold in a position
to appeal from the judgment rendered, or supersede the
execution thereof. In the one case, Jackson and Baker,
who were given the land against the judicial sale, had ac-
quired title prior to the judgment; in the other, Spicer
had acquired title from the judgment defendant Chambers
prior to the judgment under which the land was sold.
However, there is nothing in either opinion that holds
that a sale, under an erroneous judgment, of property of
the supposed debtor against whom the judgment had been
rendered, would be void or voidable after reversal. In-

deed, the Baker case, referring to the Yocum case, 14 Bush, says: "But it was not then decided, nor do we think any consideration of policy would require or justify courts in holding, purchases of property belonging to another than the judgment debtor as valid when the judgment had been reversed." The court had in the opinion quoted from the Yocum case, and had said that the rule is "limited in its application to title acquired under a judicial sale as against a defendant," thus expressly recognizing the rule in the Yocum case that a sale of a judgment defendant's property would pass title, although the judgment be subsequently reversed. The Spicer v. Seale case is distinctly placed on the authority of the Baker case, and quotes the limitation above. The opinion of Yocum v. Foreman has never been questioned, and, where applicable, is yet the law. We are of opinion that the cases of Baker and Spicer, supra, do not apply here, but that this case is governed by the case of Yocum v. Foreman, supra. It follows that under the judgment sale the title passed to the purchaser Wolfe, and his conveyances to appellee, Wilson, both deed and mortgage are valid and binding. Appellees, Wolfe, are not complaining of the judgment as to them, and so there appears no error to appellants' prejudice in the judgment appealed from.

There is no judgment against appellees, Wolfe, for damages for the value of the land lost to appellants, but as to this there was no appeal granted below, and no appeal has been asked of the clerk of this court. Even if that question was properly before us, there is no proof in the record upon which a judgment could have been rendered. The value of this land is not shown in the proof. This must be held to be an exception by appellants to that part

only of the judgment which adjudges in favor of appellee Wilson under his deed and mortgage, which we have said was not erroneous. Appellee Hogg appears to have no interest in this controversy.

Judgment affirmed.

Petition for rehearing by appellant overruled.