## Phillips et al. v. Martin et al.

(Decided March 11, 1930.)

A. W. BAKER for appellants.

H. N. DEAN for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

John Martin and thirteen others instituted an action against W. T. Martin and others to vacate a judgment and order of sale of the Jackson circuit court, and to set aside all subsequent proceedings thereunder on the ground of fraud practiced by the successful parties in procuring the judgment. The plaintiffs prevailed, and the defendants seek a reversal of the result on the ground that the purchaser at the judicial sale was not affected by the vacation of the judgment. A brief reference to the facts will suffice. C. S. Martin died intestate the owner of a tract of land in Jackson county, Ky., containing 215 acres. He was survived by his wife, six children, four grandchildren, and two great-grandchildren, the real representatives of children and a grandchild that had died. An action was instituted in the names of all the adult children and grandchildren of C. S. Martin against the two infant great-grandchildren for a sale of the land and a division of the proceeds. The petition was verified by the attorney who filed the suit. In the affidavit of verification, it was stated that none of the plaintiffs resided in Jackson county at the time, but were all absent therefrom, and that the affiant believed the statements of the petition to be true. A guardian ad litem was appointed and made a report. A single deposition was filed and the case submitted. The court rendered a judgment as prayed in the petition, and at the ensuing sale the land brought only $500. The sale was reported and confirmed, but the sale bonds had not been collected, as they were not due until March 19, 1928.

In January, 1928, John Martin and all of the heirs of C. S. Martin, except W. T. Martin and two Phillips infants, who were made defendants, filed the present action. The purchaser at the sale and the attorney who had instituted the first proceeding and who had been allowed a fee also were made defendants. It was alleged in the petition that the action was instituted and prosecuted to a judgment without the knowledge or consent of the plaintiffs, and that their land had been sold and sacrificed without an opportunity to protect themselves. It was averred that they had not authorized the attorney, or any one else, to bring the suit in their names, and that it was fraudulently done in order that the land might be obtained for greatly less than its value. No attempt was made to show that W. T. Martin had any

authority from any of the plaintiffs to employ an attorney or to institute the action, or that the attorney was authorized by any of them to use their names. Indeed, none of them had any knowledge of the original proceeding. The joint answer of W. T. Martin, the infants, the purchaser, and the attorney traversed the allegations of the petition, but alleged affirmatively that the action was brought in good faith and had not injured the plaintiffs, but had saved them costs which would have been incurred if they had been made defendants. Proof was taken and it was established without contradiction that the action was unauthorized by the plaintiffs. The court set aside the judgment and canceled the sale bonds, resulting in this appeal.

The Civil Code of Practice requires parties who are united in interest to be joined as plaintiffs or defendants; but, if the consent of one who should be joined as plaintiff cannot be obtained, he may be made a defendant; the reason being stated in the petition. Civil Code of Practice, sec. 24. While one heir may institute an action for the sale and division of the joint property, he has no authority, without their consent, to join the other heirs as plaintiffs. The unauthorized action of W. T. Martin in instituting the action and procuring the judgment was clearly fraudulent in so far as the heirs who did not consent thereto were concerned. It is provided by the Civil Code that a judgment may be set aside, vacated, or modified after the term at which it was rendered upon many grounds, among which is that of fraud practiced by the successful party in obtaining the judgment. Civil Code of Practice, sec. 518, subsection 4. Clearly, a fraud was practiced by the successful party in obtaining the judgment in this case, and the court did not err in vacating it. Krypton Coal Co. v. Eversole, 184 Ky. 571, 212 S. W. 421. But it is argued for the purchaser, who is an appellant, that the vacation of the judgment did not affect his title, citing authorities to the effect that a purchaser at a judicial sale acquires a good title, although the judgment be subsequently reversed. Blake v. Wolfe, 111 Ky. 840, 64 S. W. 910, 23 Ky. Law Rep. 1143, 98 Am. St. Rep. 434. Another principle governs in cases of this character. The judgment was procured by fraud, and, when it was adjudged to be void, all proceedings under it fell with the judgment. Judicial sales are upheld as a matter of policy so far as creditor and debtor are affected, it being supposed to be for

the benefit of both that bidding should be encouraged; but the interest of no one can be interposed to work a positive wrong and injury to third parties, who, without their knowledge or consent, were brought into the case, and whose property would be thus taken without their consent and without an opportunity to protect themselves. Baker v. Baker, 87 Ky. 461, 9 S. W. 382, 10 Ky. Law Rep. 430. So far as these parties who were joined as plaintiffs in the action without their knowledge or consent are concerned, no effect can be given to the act, and the purchaser stands in the same position as if they had not been ostensible parties to the action. The title of the nonconsenting heirs was not divested by the decree and did not pass to the purchaser. A purchaser at a decretal sale becomes, when he has complied with the terms of sale, a party to the action. He must take notice not only of what follows in the litigation affecting his interest, but must ascertain what has gone before. Wise v. Wolf, 120 Ky. 263, 85 S. W. 1191, 27 Ky. Law Rep. 610.

It is further argued that the remedy to correct the wrong done the appellees was by an appeal from the judgment, and not by an action. The argument is unsound. An appeal from the judgment would have presented merely the action of the court on the face of the record. As the first record was made up, the judgment was in favor of the plaintiffs, and no appeal was open to them. Gentry v. Gentry, 217 Ky. 806, 290 S. W. 665; Petition of Lamar, 229 Ky. 258, 16 S. W. (2d) 1045. It was necessary for the injured plaintiffs to show that they were not parties to the first action, but were made plaintiffs in it fraudulently without their knowledge or consent, and that could be done only by a petition to vacate the judgment. Civil Code of Practice, sec. 520. When the record contains the facts showing that the judgment is void, it may be set aside on motion, and an appeal does not lie until such motion is made and over-ruled in the circuit court. Civil Code of Practice, sec. 763. But when the record is regular on its face and does not show the facts which render the judgment void, such as the fraud of the successful party in procuring it, it is necessary to present a petition manifesting some of the grounds of relief specified in section 518 of the Civil Code of Practice. Richards v. Richards' Adm'r, 10 Bush, 617. The injured parties in this case invoked the

414

available remedy, and the court rendered the appropriate judgment. No one acquired any rights by virtue of the proceedings in the first action.

The judgment is affirmed.