**CARTER et al. v. HUFFMAN et al.**

Court of Appeals of Kentucky.

Dec. 4, 1953.

---

Lena M. Craig, J. A. Edge, Lexington, for appellants.

Troy D. Savage, J. Owen Reynolds, Lexington, for appellees.

CULLEN, Commissioner.

Robert Huffman, suing by the Commonwealth and by a next friend, brought this action, in 1950, against his brother Edward Huffman, in the latter's capacity as executor and trustee under the will of their father, Robert Huffman, Sr. In his petition, Robert asked for an accounting and sought to recover various sums of money alleged to be due him from Edward. He also sought to set aside the judgment in a former action brought by Robert against Edward in 1944, in which Edward's accounts as executor and trustee had been settled and pursuant to which Edward was permitted to resign as trustee and the Bank of Commerce of Lexington was named as successor trustee. He further sought to hold Edward accountable as a continuing trustee by reason of Edward's purchase of the trust assets at a decretal sale ordered in the 1944 action. Further, he asked for a construction of the father's will.

While the action was pending, Robert was adjudged mentally incompetent, and a committee was appointed for him. The committee intervened in the action as plaintiff and adopted the allegations of Robert's pleadings.

A general demurrer was sustained to Robert's petition, as several times amended, and upon the plaintiff declining to plead further the petition was dismissed. The committee has appealed from the judgment dismissing the petition, and the sole question before us is whether the amended petition states a cause of action.

As we view it, the key question is whether the petition alleges sufficient grounds for setting aside the order of sale and judgment of settlement in the 1944 action. If it does, the other allegations of the petition are sufficient, if proved, to entitle Robert to some measure of relief. If it does not, Robert has no cause of action, because the judgment in the 1944 action is res judicata.

The petition alleges that at the time of the 1944 action Robert was, and he since has continued to be, a person incapable of conducting his own affairs, and that this condition was known to Edward at all times; that Robert was "without knowledge" of the 1944 action and it was filed and the judgment was obtained "without his understanding or consent thereto;" that Edward caused the 1944 action "to be prepared and instituted in the name of the plaintiff, Robert Huffman against himself as a nominal and fraudulent plaintiff (sic); that the said plaintiff did not employ any counsel himself; that he did not know the purport or significance of any part of said proceeding;" that Edward "surreptitiously paid counsel employed by him to sue himself in the name of this plaintiff and likewise employed counsel to represent him in the suit brought against him, in the name of the plaintiff;" that it was the purpose of Edward "to have said suit lost but to his advantage;" that Robert, "because of lack of understanding and because of his weak mentality and mind, did not know that he had filed the petition in said action * * * and did not know the contents thereof, and did not know that counsel had been employed for him by the defendant, Edward Huffman, and did not know of the entry of any of the orders or proceedings in said case, * * * and that his lack of knowledge and understanding and the weak condition of his mind was known at all times to and by the said defendant, Edward Huffman * * *".

Attached to the petition and made a part of it by reference, is a copy of a lunacy petition signed and sworn to by Edward in 1949, in which Edward stated that Robert was then "a person of unsound

mind and a Lunatic," and that "the unsoundness of mind has existed since past 20 years." This exhibit, supporting the allegations of the petition with respect to Robert's mental condition and Edward's knowledge of the condition, may be considered in determining the sufficiency of the petition on demurrer. Shockey v. Pelfrey, 314 Ky. 441, 235 S.W.2d 1017; Darnell v. Equity Life Ins. Co.'s Receivers, 179 Ky. 465, 200 S.W. 967.

Paraphrasing the allegations of the petition, we find the charge made that Edward, knowing of Robert's mental incompetency, hired attorneys to bring a suit against himself in Robert's name, and caused a judgment favorable to himself to be entered in the suit. The transcript of the proceedings in the 1944 suit, which is attached as an exhibit to the petition in the present suit, discloses that a number of the steps in the 1944 suit were taken pursuant to agreement of the parties; that Robert, through his attorney, asked that the sale of the trust assets to Edward be confirmed; and that, "by agreement of the parties," Robert's exceptions to Edward's reports and settlements as executor and trustee were withdrawn. The transcript indicates that the 1944 suit was handled in an amicable fashion.

If other allegations in the petition are taken as true, Edward appropriated to himself a share of the personal property of the estate that belonged to Robert, claiming that it was his property rather than that of the father's estate; he diverted income from Robert's share to his own personal account; he charged his own personal expenses against Robert's share of the income; and he failed to make any valid settlements in the county court.

■ We are of the opinion that the petition states sufficient facts to support an action under section 518, paragraph 4, of the Civil Code of Practice, to set aside a judgment on the ground of "fraud of the successful party." It is not necessary that a party have been the plaintiff in the action in order to be classed as the successful

party. Lawless v. Sevier, 5 Ky.Law Rep. 239.

The situation here may be considered analogous to that in Phillips v. Martin, 233 Ky. 410, 25 S.W.2d 1034, where one joint owner of land, in an action to sell the land and divide the proceeds, joined other joint owners as plaintiffs without their knowledge or consent. This was held to constitute fraud authorizing the judgment to be set aside under Section 518 of the Code. The result would have been the same had the offending joint owner named the others as plaintiffs and himself as defendant, as is alleged to have been the fact in the case now before us.

Certainly, if Eward knew of Robert's mental incompetency, he should not have permitted the 1944 suit to proceed without raising the question, even if the suit had been brought actually by Robert. Much worse is the alleged fact that Edward connived to have the suit brought against him in the name of the known incompetent, and then proceeded by agreements with the attorneys hired by him for the nominal plaintiff, to secure a favorable disposition of the suit.

■ Edward places some reliance upon the statute of limitations, KRS 413.120, which fixes a five-year limitation on actions for relief on the ground of fraud. However, under KRS 413.170, the limitation does not run during mental disability, and it is well established that the existence of mental disability under the statute is a question of fact and does not depend upon a legal adjudication following a sanity inquest. Collins v. Lawson's Committee, 140 Ky. 510, 131 S.W. 262; Stair v. Gilbert, 209 Ky. 243, 272 S.W. 732.

It is our opinion that the demurrer to the amended petition should have been overruled. Assuming that an answer will be filed placing in issue the facts alleged in the petition, we would consider it proper for the court to limit the proof, initially, to the question of the alleged fraud in connection with the 1944 suit. Unless those

allegations are established by sufficient proof, so as to justify setting aside the 1944 judgment, there will be no use in taking evidence on the question of the nature and extent of Edward's accountability.

The judgment is reversed, for proceedings in conformity with this opinion.