CASE 28—PETITION ORDINARY—DECEMBER 28.

## Chelf vs. Penn, &c.

APPEAL FROM TAYLOR CIRCUIT COURT.

1. Plaintiff's petition alleges that the defendants " *falsely and maliciously* procured an order from the county judge of Taylor county, suppressing the plaintiff's tavern until the next ensuing county court day," but failed to allege in terms or in substance that the order of suppression was procured *without probable cause*. *Held*, upon demurrer, that the petition is insufficient. It should allege the absence of probable cause.

2. Where, in such case a record made part of the petition discloses the fact that the order restoring the plaintiff to his privileges as a tavern-keeper was appealed from, and it is not alleged that he has been *finally acquitted* of the charge, it is also a fatal defect.

This action was brought by the appellant to recover damages of the appellees, alleged to have been sustained by him by their having falsely and maliciously procured an order from the county judge of Taylor county suppressing the appellant's tavern until the next ensuing county court day. A demurrer

was sustained to the petition and amended petition, and the appellant prosecutes this appeal.

JOHN SHUCK, for appellant, cited 2 *Bouvier's Inst., page* 211; 1 *B. Mon.*, 194; 15 *Ib.*, 264; *Rev. Statutes*, 661.

J. R. ROBINSON, for appellees, cited *Rev. Statutes*, 660–1, *chap.*, 99, *art.* 1, *secs.* 5, 8, 10; *Civil Code, sec.* 118; 12 *B. Mon.*, 554; *Hilliard on Torts, vol.* 1, 495–6, *and note.*

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The duties and obligations which devolve upon the keeper of a tavern are clearly defined by law; and for any violation of those duties and obligations the statute affords various remedies, amongst which is the power conferred upon the judge of the county court to suppress any tavern in his county until the next succeeding county court, when the violations of duty complained of may be inquired into. This power of temporary suppression may be exercised by the county judge, either "upon his own view or knowledge, or upon the information on oath of two or more credible witnesses." (*Rev. Stat., sec.* 8, *p.* 661.)

The proceeding authorized by this statute is a public proceeding, the object of which is the more effectually to protect the public against the consequences of an abuse of the privileges conferred by law upon the keepers of taverns.

The petition in this case charges that the appellees "*falsely and maliciously* procured an order from the county judge of Taylor county suppressing the plaintiff's tavern until the next ensuing county court day;" but the appellant failed to allege, either in terms or in substance, that the order of suppression was procured without probable cause.

That an averment to this effect is indispensably necessary in all actions for a malicious prosecution, and, indeed, for the malicious suing out even of civil process in certain cases, has been repeatedly decided by this court. And we cannot better illustrate the propriety of applying this principle to the case before us, than by quoting from the opinion in the case of *Maddox vs. McGinnis*, (7 *Mon.*, 372,) in which it is said that "the want of truth in the accusation and the existence of malice in the prosecutor is not enough. Probable cause must

be absent. Indeed this doctrine is necessary to the security of the peace of society; and if actions for malicious prosecutions could be sustained because the accusation on all the evidence turned out to be untrue, or because there was malice in the prosecutor, prosecutions would be too few for the crimes of society. It frequently happens that those who feel some malignity or spleen against the accused are the only persons who will commence the prosecution; and if none existed, the prosecution would frequently never exist. In this respect, even malice becomes one of the safeguards of society, and is the occasion of bringing offenders to justice who otherwise would escape; and we cannot doubt but that malice may exist in the prosecutor, and yet there be probable cause to believe guilt in the accused, and he be innocent. If all this can exist at the same time, to-wit: malice in the accuser, innocence in the accused, and probable cause to believe that he is guilty, then it is evident that the averment is indispensable."

We, therefore, entertain no doubt that the failure of the appellant to allege that the appellees gave the information to the county judge, in which this proceeding originated, without probable cause, constituted a fatal defect in the petition.

But the demurrer to the petition was properly sustained upon another ground.

The records exhibited by the appellant as part of his petition, show that from the order of the county judge restoring the appellant to his privileges as a tavern-keeper, an appeal was granted to the circuit court on the motion of the county attorney, as provided by the 10th section of the Revised Statutes *supra;* and from all that appears in the record, that appeal is still pending; or, it may be, that the order appealed from has been already reversed. The appellant, therefore, having shown by his own pleadings and exhibits that, he has not been finally acquitted of the charge, and that the alleged proceeding against him is still pending and undetermined, was not in a condition to institute or maintain this action. It must in all such cases be alleged and proved that the proceeding which is set forth as the foundation of the action had been finally determined in favor of the plaintiff.

The judgment is affirmed.