## Graziani v. Ernst, et al.

(Decided April 28, 1916.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Action—Misjoinder—Demurrer.—A demurrer is not the remedy to correct a misjoinder of causes of action.

2. Action—Misjoinder—Election.—If a misjoinder of actions is con-
tained in a petition or in a petition as amended, before answer is
filed, the remedy to correct it is a motion to require an election.

3. Action—Joinder.—If, after answer an amended petition is offered
which sets up a new and independent cause of action, not germane
to the one pleaded in the petition, and which can not be properly
joined with it, the remedy is to object to its filing, or if filed, a
motion to strike it from the record.

4. Pleading—Answer—Waiver.—The objection to an amended peti-
tion which sets up a cause of action not germane to the one stated
in the petition, and a misjoinder is created, is waived by answering
it.

5. Limitation of Actions—Pleading—Demurrer.—Although a petition
shows upon its face, that the cause of action is barred by the
statute of limitation, a demurrer will not lie, unless it also shows
that the plaintiff does not come within the exceptions contained
in the statute, which will avoid the running of the statute.

6. Action—Joinder.—An action for malicious prosecution and one
for libel can not be joined.

HORACE W. ROOT and G. F. BOUGHNER for appellant.

ROBERT C. SIMMONS, JOHN B. O'NEAL and LEWIS F. BROWN
for appellees.

OPINION OF THE COURT BY JUDGE HURT.—Reversing.

On the 21st day of October, 1911, the appellant, B. F.
Graziani, filed in the office of the clerk of the Kenton cir-
cuit court a petition in ordinary against the appellees,
James C. Ernst; South Covington & Cincinnati Street
Railway Company; Cincinnati, Newport & Covington
Railway Company; Cincinnati, Newport & Covington
Light & Traction Company; The Columbia Gas & Elec-
tric Company, Louis F. Brown and Richard Salters. It
can not be determined from the averments in this pleading
exactly what was attempted to be done by it, as it did not
state a cause of action of any kind, although it is nearer a
suit for damages for a malicious prosecution than any-
thing else. The pleading was very lengthy and it is un-
necessary to state all the things which were alleged in it,
as much or the greater part of it consisted in the state-
ment of matters which were unnecessary to the support
of any kind of an action, and a great many matters which
could, if true, the proof of which would constitute evidence
in an action in behalf of appellant against the appellees, if
a suit should be on trial by appellant against the appellees
for slander, libel, malicious prosecution, or other action

in which it would be useful or necessary to prove malice on their part against him. The petition, in substance, first alleged the number of years in which appellant had been practicing the profession of law in the courts of Kenton county and the city of Covington; that he had a lucrative practice and enjoyed the confidence and esteem of the public before the cause of complaint occurred, which is set out in the petition. The names of the appellees were then stated, and the fact that several of them were corporations, and the places of their organization; that James C. Ernst was their president, and Louis F. Brown their agent, and Richard Salters was a policeman. It was then averred that the appellees, about April 25th, 1911, and for many weeks thereafter, wrongfully, wickedly, maliciously and corruptly, and without probable cause, conspired to accuse appellant of subornation of perjury, and for the purpose of securing Rosa Lee Blackburn to charge and accuse him of such offense; that the appellants spent large sums of money in procuring detectives to follow him and to surround his office and home, and to follow him from place to place for the purpose of intimidating him and driving his business from him and to degrade and humiliate him; that they wrongfully and maliciously, and without probable cause, conspired with each other to procure an indictment against him, in which he should be accused of subornation of perjury; that while a grand jury was in session the appellees, without probable cause, appeared before the grand jury and secured others to go before the grand jury for the purpose of trying to secure an indictment against him for subornation of perjury; that by wrongful expenditures of money and other inducements, various newspapers made publications against him for the purpose of injuring him in his business and to humiliate and degrade him before the public; that by reason of these things he had been caused mental and physical pain and suffering, loss in his reputation and business and humiliation; that he had conducted many suits against the appellee corporations for damages for personal injuries, and that because of their hatred toward him, they wrongfully and maliciously attempted to secure an indictment against him and to procure Rosa Lee Blackburn to accuse him of subornation of perjury before the grand jury; that each of the appellees, their officers and agents had accused him of subornation of perjury, and thereby he had been humiliated,

injured and damaged in the sum of $100,000.00, which he prayed to recover of appellees.

The above allegations are as definite as the petition stated any cause of action.

The appellees made a motion to strike out certain parts of the petition, because the matters stated in such portions were immaterial and irrelevant. The court sustained the motion very properly.

While there are some allegations in the petition which would indicate that an attempt was being made to state a cause of action in favor of appellant against appellees for maliciously, without probable cause, prosecuting him for the crime of subornation of perjury, it fails to state facts sufficient to support such a cause of action.

To set forth a cause of action for malicious prosecution for a crime or misdemeanor it is necessary to allege: (1) That the defendant caused a proceeding, judicial in its character, to be instituted against the complainant, in which he is charged with the guilt of a crime or misdemeanor; (2) That the proceeding has terminated favorably to the complainant, either by a trial or a *nolle prosequi* or if adversely to plaintiff, it was procured by the corruption or fraud of defendant; (3) That the defendant was actuated by malice in instituting or conducting the prosecution; (4) That the proceeding was instituted without probable cause for belief in the guilt of the complainant of such crime or misdemeanor.

Two essentials to a cause of action for malicious prosecution are absent from the petition: The institution by appellees of a proceeding by warrant or indictment against appellant for subornation of perjury, and the fact that such proceeding had terminated favorably to appellant, by a trial or a dismissal of the proceeding by the officer authorized to do so. Chelf v. Penn., 2 Met. 463; Spring & Stepp v. Besore, 12 B. M. 551; Wood v. Laycock, 3 Met. 392; Proctor Coal Co. v. Moses, 40 S. W. 681; Yocum v. Polly, 1 B. M. 358; Miller v. Jones, 7 R. 224.

Neither will the averments of the petition support a cause of action for libel of appellant by appellees. An action for libel must show a malicious publication expressed in printing or writing, or by signs or pictures, which tend to expose one to public hatred, contempt or ridicule. There is no attempt in the petition to charge any publication of any writing, or the existence of any writing concerning the appellant, which is libelous or

otherwise. No reference is made in the petition, of appellees procuring Rosa Lee Blackburn to make an affidavit or that appellees published it, or to the effect that she ever made an affidavit concerning the appellant, but the allegation is, that they tried to procure her to accuse appellant of subornation of perjury before the grand jury, which was an unnecessary allegation, and under the averments of the petition such fact could be evidence only of malice of appellees.

On October 27th, 1913, the appellees filed an answer, in which they traversed, simply, the averments of the petition.

Thereafter, on June 1st, 1915, the appellant filed, without objection, an amended petition. The reasons stated in the amendment for filing it was to make the cause of action set out in the original petition more definite and certain. The amendment seems to state facts sufficient to constitute a cause of action for libel in favor of appellant against appellees. It is in substance alleged therein, that on or about April 24th, 1911, the appellees entered into a conspiracy for the purpose and wrongfully and maliciously induced Rose Lee Blackburn to subscribe and swear to an affidavit, the contents of which were false, and that appellees then maliciously published this affidavit. The affidavit is set out in the petition in the exact words of the alleged affidavit. The contents of the affidavit are libelous, and the alleged facts stated in it, are that the appellant had induced her to commit the crime of perjury in a suit in which she testified as a witness, the style of the suit and the court in which it was tried being, also, set out in the amended petition.

On June 3rd, 1915, the appellees filed an answer to the amended petition. The answer to the amended petition contained two paragraphs, the first of which contained a traverse of the averments of the amended petition, and the second contained matter plead in mitigation of punitive damages by the appellees, Louis F. Brown and South Covington & Cincinnati Street Railway Company.

The appellant interposed a general demurrer to the second paragraph of the answer to the amended petition, which was overruled.

The appellant offered to file a second amended petition by which he alleged that his original petition was an action for libel and not malicious prosecution, and that

the amendment theretofore filed was filed solely for the purpose of completing his alleged action for libel as set out in the original petition.

The appellees objected to the filing of the second amended petition. The court sustained the objection, to which the appellant excepted.

The appellant then offered a third amended petition, by which he alleged that he withdrew so much of the original petition as alleged that appellees procured an indictment against him for subornation of perjury, being the words "and charging him with subornation of perjury." Appellees objected to the filing of the third amended petition, but the objection was overruled and the pleading ordered to be filed, to which the appellees excepted.

The court then ordered that the demurrer to the second paragraph of the answer to the amended petition be carried back to the petition and sustained. The appellant excepted to this decision of the court, and declining to plead further, the petition was ordered to be dismissed. The appellant excepted and prayed an appeal to this court, which was granted.

The appellant contends that the court was in error in sustaining the demurrer to the petition as amended and dismissing it.

The appellee's contention is that the original petition set forth an action for malicious prosecution, and that the appellant could not, by an amendment, change it to an action for libel, after the alleged cause of action for libel had become barred by the statute of limitations.

As heretofore stated, the petition did not contain the necessary averments to support a cause of action for malicious prosecution, nor libel. It contained allegations which, if amended by other necessary ones, would have amended it into a good cause of action for a malicious prosecution. It is difficult, however, to see how it could have by amendment been made to state a cause of action for libel, without setting up a new and independent cause of action. As stated, there is nothing in it which hints at the fact that Rosa Lee Blackburn was induced to make and subscribe to an affidavit containing libelous matter, and the publication of same by appellees. The allegation of the petition is that the appellees attempted to procure Rosa Lee Blackburn to make an accusation against appellant before the grand jury. It negatives the idea that

anything was done or ever attempted which was essential to a cause of action for libel, as was set forth in the amended petition. The amended petition was filed after the answer had been filed, and was necessarily done by leave of the court. Mount v. L. & N. R. R. Co., 2 R. 221; Petry v. Petry, 142 Ky. 564. A broad discretion is allowed to trial courts in permitting amended pleadings to be filed. There are, however, limitations placed upon this discretion to the extent, that an amendment must be in furtherance of justice and must not substantially change the claim or defense. In the case of L. & N. R. R. Co. v. Pointer's Admr., 113 Ky. 961, this court referring to the opinion in Ellison v. Railroad Co., 87 Ga. 710, approved the following rule, which was stated in that case. It is as follows:

"There must be some trace of a particular cause of action in the declaration in order that it may contain enough to amend by * * *. When a cause of action appears in a declaration, that and that only is the one which the pleader is supposed to have designed. When none appears, the design is to be sought, in the light of what is alleged in the declaration, compared with what is alleged in the proposed amendment. If the two sets of allegations harmonize so as to be parts of one and the same sufficient design, and so as to fill out that design and render it as complete on paper as the law requires it to be, the amendment is germane and must be allowed. * * * The least amount of substance in a declaration, which will serve to show that what is offered to be added rightly belongs there, is enough to amend by, if the addition proposed would make the cause of action complete."

The amended petition is entirely based upon an affidavit, which is alleged to be false and malicious, and which the appellees wrongfully and maliciously procured Rosa Lee Blackburn to make, and which they then malicously published. There is no trace of this particular cause of action set out in the petition. The entire substance of the allegations in the petition is, that appellees maliciously attempted to procure an indictment against appellant for subornation of perjury, by going before the grand jury, procuring others to do so, and by attempting to procure Rosa Lee Blackburn to accuse him before the grand jury. It is apparent that the design of the petition was to sue appellees for malicious prosecution of

appellant, and that the cause of action set out in the amended petition was not germane to the design of the petition. A trial had as to the matters plead in the petition would not be a bar to the matters plead in the amended petition. The only allegation in common to the petition and amended petition is that the appellees were acting from malicious motives, though in the petition they were alleged to be attempting to indict him and in the amended petition that they had libeled him. The amended petition, however, set up facts sufficient to support a cause of action for libel. The amendment was filed by leave of the court and without objection from the appellees. A motion to strike the amendment from the record was never made, but instead the appellees filed an answer to the amendment. They waived any objection they might have insisted upon, to its filing by failing to object and by filing an answer to it. Chiles v. Drake, 2 Met. 154. The effect of the judgment upon the demurrer was to dismiss the petition as amended, when the amendment stated a cause of action. A demurrer is not the remedy and is not effective to correct a misjoinder of causes of action. The remedy to correct a misjoinder, if contained in a petition or in a petition and an amendment filed before answer, is a motion to require an election; if, after answer, an amendment is offered which sets up a new cause of action not germane to the one plead in the petition, the remedy is to object to its filing, or if filed, to move that it be struck from the record before answering. An action for libel and one for malicious prosecution can not be properly joined. While they are both actions for injuries to character, the latter is for more than injury to character. Tandy v. Riley, 26 R. 98; Dragoo v. Levi, 2 Duvall, 520.

The benefit of the statute of limitation can not be obtained by a demurrer to the cause of action set out in the amended petition. While the amended petition shows that the cause of action set out occurred more than one year prior to the filing of the amendment, it does not show that appellant does not come within one of the exceptions contained in the statute which would avoid the bar of the statute. Chiles v. Drake, *supra;* Franch v. Bowling, 27 R. 639; Green v. Irvine, 23 R. 1762; Brandenburg v. McGuire, 19 R. 1598; Com. v. Gardner, 17 R. 75; Call v. Shewmaker, 24 R. 686; Bradford v. Bradford, 19

R. 1245. The appellees, to obtain the benefit of the statute of limitation, would have to plead it.

The court therefore erred in sustaining the demurrer to the petition as amended and dismissing the action.

The judgment is reversed and cause remanded for proceedings consistent with this opinion.