## Boyd v. Hutton.

(Decided November 17, 1922.)

### Appeal from Mercer Circuit Court.

1.  Libel and Slander—Nature and Elements of Defamation in General.—To constitute libel it is sufficient that the publication, which must be malicious, though it may be expressed in printing or writing, or by signs or pictures, tends to injure the reputation of the party, or to throw contumely, or reflect shame and disgrace upon him.

2.  Libel and Slander—Publication—When not Libelous.—The publication of three incidents in a newspaper, under the general heading, "Shootings in Town," two of which were reports of shootings at supposed pilferers, and another, in a separate paragraph, that "Jim Boyd, colored, claimed that some one shot him through an open window while he was reading, or lacing his shoes. The shots covered nearly all of his entire body," held not libelous as to Boyd, since the news item as to him can not, by reason of its relation to the other items in the same article, be said to impute

to Boyd any connection with the other two incidents, or to indicate any intention or purpose of connecting him with them.

JAMES BOYD for appellant.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

There was published in the Harrodsburg Herald of August 27, 1920, an article headed, "Shootings in Town." Under this heading it was stated, "Last Thursday night there were lots of fireworks in Harrodsburg. Jim Boyd, colored, claimed that someone shot him through an open window while he was reading, or lacing his shoes. The shots covered nearly all of his entire body." There were in the article two other paragraphs, following the one quoted, one of which reported that Jerome Burns, living on the west side of town, shot at a chicken thief the same night, and the other that A. Bertram, living on the east side, shot at a prowler on his premises.

James Boyd conceived that the publication was a libel on him, and filed suit in the Mercer circuit court against D. M. Hutton, the owner of the Harrodsburg Herald, for $50,000.00 damages. On the trial the jury, under a peremptory instruction from the court, returned a verdict for the defendant. This appeal is from the judgment rendered on that verdict.

The testimony of plaintiff, which is in narrative form in the bill of exceptions, shows that on the night in question he was sitting in his house, with the door open, when some one fired a gun through the open door, shooting and severely injuring him. The only discrepancy between his account of the shooting and that contained in the article complained of is that in the newspaper report it was stated that the shot was fired through the window. But it is the contention of appellant that the reporting of the three news items in one article was intended to connect him with one of the other two shootings, and did in fact impute to him conduct of a disgraceful or degrading nature.

It is the general rule that to constitute a libel it is sufficient that the publication—which must be malicious, though it may be expressed in printing, or writing, or by

signs or pictures—tends to injure the reputation of the party, or to throw contumely or to reflect shame and disgrace upon him.   Axton Fisher Tobacco Co. v. Evening Post Co., 169 Ky. 64; Graziani v. Ernst, 169 Ky. 751; 17 R. C. L. 286 and 311.   Applying this general rule, which need not be elaborated, to the publication complained of, in its relation to other news items in the same article, the lower court held, as a matter of law, that the article was not libelous. The article purported to report, under one general head, three separate incidents occurring in the town of Harrodsburg on the preceding night.   Two of the incidents were shootings at supposed pilferers, but the fact that they were reported in the body of the same article that published the shooting of appellant cannot reasonably be said to impute to appellant any connection with the other two incidents, or to indicate any intention or purpose of so connecting him.   Appellant's construction of the article to the contrary seems to us to be wholly fanciful, for it certainly is not warranted by any fair interpretation of the publication itself.   In that view of its effect, it was proper for the trial court to direct the jury to return a verdict for defendant.

The judgment is affirmed.