## Shockey v. Pelfrey et al.

January 19, 1951.

Ervine Turner, Judge.

442

Kash C. Williams and G. C. Allen for appellant.

Allie Y. Watkins for appellees.

JUDGE STEWART—Sustaining motion, reversing judgment.

On November 22, 1934, appellant, J. A. Shockey, executed and delivered his promissory note for $273.80 to the order of W. H. Pelfrey & Sons, Inc., payable on demand, and bearing interest at the rate of 6% per annum from and after its date until paid. On November 8, 1948, the following petition was filed to enforce payment of this note, to-wit:

"Breathitt Circuit Court

"Eric C. Pelfrey, W. H. Pelfrey, and Nathan Pelfrey, Formerly W. H. Pelfrey and Sons Incorporated, Plaintiffs, V. Petition J. A. Shockey,                                             Defendant

"Plaintiffs, W. H. Pelfrey, Eric Pelfrey and Nathan Pelfrey, state that defendant, J. A. Shockey, by a writing dated the 22nd day of November, 1934, which he executed and delivered to plaintiffs, and which is filed herewith

as part hereof, marked exhibit "A," promised to pay to plaintiffs on demand with interest at 6% per annum $273.80.

"Plaintiffs say that defendant has not paid the said $273.80 nor any part thereof, or any interest thereon, and same is now due and owing the plaintiffs and wholly unpaid.

"Wherefore, plaintiffs ask judgment against defendant for $273.80, with interest thereon from the 22 day of November, 1934, at 6% per annum, for his costs herein expended, and for all proper relief."

> "Allie Watkins
> "Attorney"

Appellant filed a special, then a general, demurrer to appellees' petition, both of which were overruled by the lower court. Appellant next denied generally the allegations of the petition. At a jury trial a verdict was returned for appellees for the full amount of the note, with interest from its date until paid at 6% per annum, and judgment was rendered by the lower court in conformity with the verdict.

Appellant has moved this court to grant him an appeal, and he seeks a reversal of the judgment below because the lower court erred (1) in overruling the general demurrer to the petition, (2) in overruling his motion for a directed verdict in his behalf, and (3) in giving erroneous instructions to the jury.

Because we have reached the conclusion that the trial court erred in overruling the general demurrer to appellees' petition and because the case must be remanded to the court below for a new trial, we shall confine ourselves in this opinion solely to the first point raised by appellant. Adherence to proper procedure in a new trial of this action in the lower court, if such is had, should remove the basis for the other two complaints made herein by appellant.

In our consideration of appellant's demurrer our attention must be confined solely to the petition filed herein. The style of this pleading implies that the three persons who sue are all of the stockholders of a defunct corporation. However, this is purely an inference which is unsupported by any of the allegations in the petition.

All that we know, after reading same is that three persons, without any explanation of their legal right so to do, sue as individuals to enforce payment by appellant unto them of a note executed and delivered by him to a corporation, which note has never been transferred by endorsement or otherwise from the corporation to them.

Section 120 of the Civil Code of Practice provides that a note, or other evidence of indebtedness, must be filed as a part of the pleading, if it is within the power of the party to produce it; and, if it is not filed, the reason for the failure to do so must be stated in the pleading.

An exhibit forms a part of the pleading by the express language of the Civil Code of Practice, and it may aid and cure an allegation in the pleading vaguely, indefinitely and defectively stated. Tackett v. Pikeville Supply & Planing Mill Co., 249 Ky. 835, 61 S. W. 2d 881; Newport & Dayton Lumber Co. v. Lichtenfeldt, 72 S. W. 778, 24 Ky. Law Rep. 1969. It cannot, however, supply an averment which has been wholly omitted. Powers v. Hardesty, 250 Ky. 522, 63 S. W. 2d 616.

It has been uniformly held by this court that when an exhibit, filed with and made the basis of an action, shows on its face that the pleading does not state a cause of action, the exhibit may be considered as a part of the pleading in determining the insufficiency of the latter on a demurrer. Kalfus v. Davie's Ex'r, 164 Ky. 390, 175 S. W. 652; Standard Lumber Co. v. Colwell, Ky., 117 S. W. 286; Gardner v. Continental Ins. Co., 75 S. W. 283, 25 K. L. R. 426.

In Durham v. Elliott, 180 Ky. 724, 203 S. W. 539, 540, a suit was filed under date of September 15, 1916, among other things, to enforce payment of two notes of $208.86 each, neither of which became due and payable until January 1, 1917, and judgment was entered in this suit on November 3, 1916. The only ground relied upon for a reversal of this judgment was that the petition did not state a cause of action, in that the two notes were shown by the petition not to have been due when the suit was filed and judgment was entered. Although it was alleged in the petition in this case that the notes were due and payable under a certain agreement claimed to have been entered into by the payor and payee

of the two notes, the court held that this allegation was in direct conflict with certain provisions in the notes themselves and the court, on the issue in controversy, held as follows: "An exhibit, if in conflict with the allegations of a pleading, cannot aid the pleading, but may render it bad; and if an exhibit referred to and filed contradicts an allegation of the pleading, the exhibit will control the allegation, unless the exhibit be expressly impeached or explained by the facts stated in the pleading. Bush v. Madeira's Heirs, 14 B. Mon. 212; Newman's Pleading and Practice (3d Ed.) vol. 1, sec. 204c; Black v. O'Hara, 175 Ky. 623, 194 S. W. 811. In the instant case, the exhibits contradict the allegations of the petition, and being unimpeached, it follows that the pleading setting up these two notes did not state a cause of action, and the judgment to that extent is erroneous and must be reversed."

It is clear in the case at bar that there is a fatal variance between the allegations of appellees' petition and the exhibit filed with it; that the pleading just mentioned fails to explain or impeach the exhibit, so that the latter controls the petition; and that, since these facts bring into application the principle of law stated in the Durham case, it follows that the petition, when considered in connection with the exhibit, does not state a cause of action and the demurrer to it should have been sustained.

The motion for the appeal is sustained, the judgment is reversed, and the cause is remanded for proceedings consistent herewith.