Richard L. CASLIN, Appellant,

v.

GENERAL ELECTRIC COMPANY and Francis H. Boos, Appellees.

Court of Appeals of Kentucky.

Nov. 7, 1980.

George E. Riggs, Jr., Riggs & Walton, Louisville, for appellant.

John E. Tarrant, Edwin S. Hopson, James R. Higgins, Jr., Louisville, for appellees; Tarrant, Combs & Bullitt, Louisville, of counsel.

Before HOWARD, LESTER and VANCE, JJ.

LESTER, Judge.

This is an appeal from a summary judgment which determined that appellant's libel action was barred by a statute of limitations and that the matter asserted as libelous was privileged and unpublished.

Appellant, Richard L. Caslin, a patent attorney, filed this action against his employer and immediate supervisor, Francis H. Boos, on April 28, 1978, alleging that certain written performance appraisals, prepared March 1, 1974 and March 21, 1977, respectively, were libelous in nature and published to other employees or agents of General Electric. Even though appellant attempts to deny that the earlier report is involved in his case, he, nevertheless, relies thereon in numerical paragraph eight of his complaint and makes repeated references to "publications" therein. Since only two appraisals are involved, we construe the complaint as being couched on both documents.

■ Caslin further alleged that besides being libelous, the efficiency reports were published by the author, Boos, to Boos' immediate supervisor, at least in the instance of the 1977 document, one C.H. Lake, among others. *No allegation is made that the appellees concealed or attempted to conceal the papers from appellant*, but he does make this argument for the first time on appeal. It is elementary that a reviewing court will not consider for the first time an issue not raised in the trial court.

■ Along with his complaint, Caslin filed exhibits, which were copies of the appraisals. These became integral parts of the pleading. CR 10.03, *Shockey v. Pelfrey*, 314 Ky. 441, 235 S.W.2d 1017 (1951). Even though appellant makes no mention of the date of publication to Lake of the 1977 report, in the exhibit Lake's signature appears as having reviewed the material on March 25, 1977, and it was given to Caslin on April 29, of the same year. Absent publication, there can be no libel, *Graziani v. Ernst*, 169 Ky. 751, 185 S.W. 99 (1916), W. Prosser, *Torts* § 113 (4th Ed.1977), 50 Am. Jur.2d *Libel and Slander* § 146, 406, and it is the publication of the alleged libelous matter that causes the defamation or injury thus commencing the running of the one year statute of limitations provided by KRS 413.140(1)(d). 50 Am.Jur.2d, *Libel and Slander* § 390. See generally, *Barnett v. Louisville & Nashville R.R. Co.*, 407 F.2d 1333 (6th Cir. 1969); *Hoskins Adm'r v. Ken-*

*tucky Ridge Coal Co.*, Ky., 305 S.W.2d 308 (1957) and as to libel, *Lashlee v. Sumner*, 570 F.2d 107 (6th Cir. 1978). Appellant would distinguish the last cited case on the basis of concealment, but such issue was never pleaded or raised in the court below. By virtue of appellant's own pleadings which provided the publication (if such there was) date of March 25, 1977, and the time of filing his action (April 28, 1978), the trial court was correct in sustaining the motion for summary judgment based upon limitation of action.

What we have written thus far could conclude this appeal, but since the court below also found that there was no actionable publication of any libelous material and that even if it had been of such a nature it was privileged, and we believe some brief comments are warranted since these issues were briefed.

■ Caslin had been an attorney–employee of General Electric for some twenty–four years and during most of those he had been given a performance appraisal. We note that it was not until 1974 and later in 1977 (with the exception of 1956) that he received a rating of anything less than excellent, but in the two questionable years, he was given a standing of four on a scale of nine and in his view "below average–not promotable." The quoted language is contrary to the appraisal exhibit he filed which designates four as "fully satisfactory." In any event, appellant knew these reports to be a condition of his employment. Be that as it may, the appellant had been fully aware for years that he would periodically be rated as to efficiency and in spite of not obtaining the status he thought he deserved these reports are communications within the employing company which are necessary to its functioning and, therefore, do not incur a liability to appellant. *Dossett v. New York Mining and Manufacturing Co.*, Ky., 451 S.W.2d 843 (1970). In addition, these reports are qualifiedly privileged. See 60 A.L.R.3d 1080, § 9 at 1110, 50 Am. Jur.2d *Libel and Slander* § 270, 271 and 275 at 794. *Louisville and Nashville Railroad Co. v. Marshall*, Ky.App., 586 S.W.2d 274 (1979), held these appraisals to be privileged under a collective bargaining agreement

but in the case at bar, we determine the same rule to prevail absent such an agreement. The record reflects that there is no malice involved that would remove the documents from the privileged status. We should point out in this respect that our review of Caslin's reports not only point out his shortcomings but are also complimentary to him in many areas covered.

■ Insofar as the summary judgment is concerned, it should be noted that the question of privilege is a matter of law for the court's determination. W. Prosser, *Torts*, § 115 at 796 (4th Ed.1977).

For purposes of clarification, the appellant was not discharged as a result of the efficiency reports, but he elected to resign before he brought this and other actions within the federal judicial and administrative systems.

The judgment is affirmed.

All concur.