**Philip A. WYANT, Appellant,**

v.

**SCM CORPORATION, Appellee.**

Court of Appeals of Kentucky.

July 5, 1985.

David G. Vest, Bradley, Emerson, Wake & Vest, Lexington, for appellant.

W.T. Adkins, Ronald L. Green, Boehl, Stopher, Graves & Deindoerfer, Lexington, for appellee.

Before COMBS, GUDGEL and WHITE, JJ.

COMBS, Judge.

This is an appeal from a decision of the Fayette Circuit Court granting a directed verdict in favor of appellee in an action for wrongful discharge.

Appellant, Philip Wyant, began working for appellee, SCM Corporation, in June of 1962 as a paint salesman. In 1966, appellant became the branch manager of appellee's retail outlet in Lexington, Kentucky, and he remained in that position until his termination in 1979. There was no formal employment contract between the parties.

Following his dismissal, appellant brought this action for defamation, bad faith, and wrongful discharge against appellee. The defamation charge was based on an internal report by appellee's credit manager stating that appellant ruled his store through "intimidation, sarcasm, and fear." Appellant reasoned that this statement damaged his managerial reputation within SCM and led to his termination. Appellant's claims of bad faith and wrongful discharge were grounded on the theory that he was fired, without good cause, for championing a subordinate's right to receive overtime pursuant to an unwritten agreement with appellee. Although appellant admitted that his employment status with appellee was terminable at will, he urged the lower court to impress a duty to discharge "in good faith" upon appellee. At the close of appellant's evidence, the

lower court granted appellee's motion for a directed verdict.

The issue before the trial court at the close of appellant's case was whether or not appellant sustained his burden of proving his claim by at least a scintilla of probative evidence capable of inducing conviction in reasonable minds. *James v. England,* Ky., 349 S.W.2d 359 (1961). A careful reading of the entire record reveals that appellant simply failed to carry his burden of proof.

Appellant's defamation claim is defective in two respects. First, there is no evidence that the allegedly defamatory statement was ever published by appellee to a third person. Absent publication, there can be no libel. *Graziana v. Ernst,* 169 Ky. 751, 185 S.W. 99 (1916). In addition, the statement was part of an internal memoranda detailing an audit of appellant's branch. Reports of this nature are protected by a qualified privilege because they are necessary communications within the employing company. *See Caslin v. General Electric,* Ky.App., 608 S.W.2d 69 (1980). Even if we thought appellant had a viable claim of defamation, the record contains no hint of malice by appellee to defeat the privilege.

Appellant's wrongful discharge claim relies on the public policy expressed in *Firestone Textile Co. Div., Firestone Tire & Rubber Co. v. Meadows,* Ky., 666 S.W.2d 730 (1983), which created a narrow exception to the "terminable at will" doctrine for an *employee* who is fired in retaliation for exercising his rights under the Workers' Compensation Act. We need not decide whether *Firestone* also protects a supervisor who asserts a subordinate's rights because there was no proof that appellant's co-worker possessed a statutory right to overtime pay. In any event, we found no evidence of retaliation in the record.

Finally, appellant argues that his seventeen-year tenure imposes an implied duty of good faith dealing upon appellee. The problem with appellant's position is that terminable at will employment in Kentucky may be ended at any time, with or without cause. *Gambrel v. United Mine Workers,* Ky., 249 S.W.2d 158 (1952). At any rate, we do not think appellant demonstrated appellee's bad faith by even a scintilla of reliable, probative evidence.

Clearly, appellant's case at trial was legally and factually insufficient to survive a motion for a directed verdict. Therefore, the judgment of the Fayette Circuit Court is affirmed.

All concur.