899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard B. CALPIN, Plaintiff-Appellant,
v.
HESS & ASSOCIATES INSURANCE SERVICES, INC., Kay B. Hess,
Individually and in her capacity as Vice
President, Thelma Purvis, Individually
and in her capacity as
Secretary,
Defendants-
Appellees.
 No. 89-5911.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1990.
 
 1
 Before KEITH and MILBURN, Circuit Judges; and GEORGE E. WOODS, District Judge.*
 
 ORDER
 
 2
 Richard B. Calpin, a pro se litigant, appeals the district court's summary judgment for defendants in a diversity suit for defamation, based upon the district court's holding that Calpin's action was barred by a one year Kentucky statute of limitations. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Calpin filed his complaint in the district court alleging that the defendants formed a conspiracy to libel and slander him by making false accusations that he wrongfully withheld insurance premiums collected on behalf of the defendants and that these allegations formed the basis for his subsequent conviction of theft by failure to make required disposition of property. Both defendants moved for summary judgment based upon the argument that Calpin's suit was time-barred. Upon the recommendation of a magistrate, the district court determined that Calpin's complaint was time-barred and dismissed the complaint, with prejudice. Calpin then filed this appeal.
 
 
 4
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Under Kentucky law, an action for libel or slander must be commenced within one year after the cause of action accrued. Ky.Rev.Stat. Sec. 413.140(1)(d). A cause of action for libel or slander accrues at the time of publication of the defamatory statement to a third person. See Wyant v. SCM Corp., 692 S.W.2d 814, 816 (Ky.App.1985); Caslin v. General Elec. Co., 608 S.W.2d 69, 70 (Ky.App.1980). In the present case, the underlying libelous statements are said to have been made on or before October 8, 1980, when Calpin pleaded guilty to one count of theft by failure to make required disposition of property. The indictment under which Calpin pleaded guilty unequivocally stated that Calpin had been charged with intentionally using insurance premiums for his own purposes and with failing to make disposition of the premiums as required by contract. Moreover, Calpin, by his own admissions, was aware that the defendants had made such statements on or before October 8, 1980. The instant complaint was filed on June 18, 1987. Applying the law to the case at bar, it is clear that the publication of the alleged defamatory statements occurred more than six years prior to the inception of Calpin's complaint and, therefore, that Calpin's complaint is time-barred. Moreover, contrary to Calpin's argument, the defendants' silence as to the truth or falsity of the alleged defamatory statements is not concealment for purposes of tolling the limitations period. See Lashlee v. Sumner, 570 F.2d 107, 110 (6th Cir.1978). Finally, Ky.Rev.Stat. Sec. 413.310 does not operate to toll the applicable limitations period in this case as the record clearly reveals that Calpin received a probated sentence of three years rather than confinement in the penitentiary. Because Calpin did not file his complaint until June 1987, the complaint was untimely.
 
 
 5
 Accordingly, the district court's judgment of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation