**Robert K. LANDRUM, Appellant,**

v.

**Thomas G. BRAUN, Individually and as acting Vice–president for Academic Affairs, Kentucky State University, Frankfort, Kentucky, Appellee.**

**No. 1997–CA–001381–MR.**

Court of Appeals of Kentucky.

Oct. 9, 1998.

William P. Sturm, Frankfort, for Appellant.

William E. Johnson, David J. Guarnieri, Frankfort, for Appellee.

Before COMBS, DYCHE and SCHRODER, JJ.

### OPINION

DYCHE, Judge.

Dr. Robert K. Landrum appeals the Franklin Circuit Court's granting of Dr. Thomas G. Braun's motion to dismiss. We affirm.

Landrum was employed as a visiting professor of business at Kentucky State University from the years 1989 to 1991. During the summer of 1990 Landrum sought to change his status to tenure track. Braun was at that time Acting Vice President of Academic Affairs. The two became embroiled in a campaign of memorandum writing in relation to Landrum's quest. The battle culminated with Braun's memo of December 20, 1990, written in response to a memo from Landrum received the previous day (a memo in which Landrum questioned, *inter alia*, Braun's understanding of the English language). Landrum filed suit versus Braun on the eve of the memo's first birthday. Braun moved to dismiss the suit. The Franklin Circuit Court did so dismiss the action, and Landrum appeals.

Braun's memorandum, which Landrum insists smacks of libel, defamation, and falsehood, is repeated here in its entirety:

Someone has written an insulting and incoherent memorandum to me and signed your name to it. The memo misquotes me and whoever wrote it had the poor taste to discuss your personal business and try to use it as a reason for your employment. I am sending a copy to you so that you can pursue the matter of who forged your name as it is not your signature.[1]

Quite frankly, Robert, you have tried my patience and succeeded in reaching the limit. Your continued attacks upon my character, integrity, and judgement have led me to the conclusion that I cannot and will not recommend that you be appointed to a faculty position for 1991/92. I am putting you on notice that I will not entertain nor respond to any further correspondence from you on this matter.

Braun sent copies of the memo to the Dean of the School of Business and the President of the University. In bringing suit, Landrum complained that those two publications resulted in injury to his reputation and to his future employment. He later amended his complaint to add false light invasion of privacy and intentional infliction of emotional distress.

In granting appellee's motion to dismiss, the Franklin Circuit Court found there to be a qualified privilege "[i]n matters involving communications between employees in the chain of command. It is necessary to have this privilege so that every day business can be carried out without the threat of suit." *See Wyant v. SCM Corporation*, Ky.App., 692 S.W.2d 814 (1985). The trial court went on to note that Braun merely copied the same two parties copied by Landrum in the prior day's communication.

Landrum challenges this finding of privilege and asserts that the question of whether this constituted a "necessary com-

---

1. Landrum admitted in a deposition in a separate but related case that the memo of December 19 was in fact written by him but signed by the secretary of the School of Business as per his instructions.

munication" within the workplace is only properly determined by a jury. We disagree. "[T]he question of privilege is a matter of law for the court's determination." *Caslin v. General Electric Company*, Ky. App., 608 S.W.2d 69, 70 (1980) (citation omitted). Having found the existence of privilege, the trial court properly dismissed Landrum's cause of action.

The judgment of the Franklin Circuit Court is affirmed.

All concur.