**Theresa O'Brien CONLEY, Appellant**

v.

**MOUNTAIN COMPREHENSIVE CARE CENTER, INC., Appellee**

**NO. 2016-CA-000454-MR**

Court of Appeals of Kentucky.

JULY 21, 2017; 10:00 A.M.

ORDERED PUBLISHED: AUGUST 9, 2017

Discretionary Review Denied by Supreme Court December 7, 2017

BRIEF FOR APPELLANT: Earl Martin McGuire, Prestonsburg, Kentucky.

BRIEF FOR APPELLEE: Jonathan C. Shaw, Paintsville, Kentucky.

BEFORE: ACREE, CLAYTON, AND J. LAMBERT, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

Theresa O'Brien Conley appeals from the Floyd Circuit Court order granting summary judgment to Mountain Comprehensive Care Center, Inc. (MCCC), as well as the order denying Conley's motion to alter, amend, or vacate the judgment. We affirm.

Conley is a licensed clinical social worker and a certified drug and alcohol counselor. She was hired in September 2009 as the Director of the Therapeutic Foster

Care Program for the Mountain Comprehensive Care Center (MCCC). MCCC partnered with the Department for Community Based Services (DCBS) within the Kentucky Cabinet for Health and Family Services.

Conley's service region encompassed ten counties in Eastern Kentucky; her office was located in Floyd County. Conley's primary focus was to provide therapeutic treatment to children that had been placed by DCBS in the foster care program for those ten counties. Conley was occasionally called upon to prepare treatment recommendations with DCBS.

In the summer of 2012 the Cabinet received custody of a child and her infant and placed both of them with a foster family in Floyd County. The child absconded, leaving the infant with the foster family. After the child was returned, an emergency hearing was scheduled for August 29, 2012, in the Family Court division of Perry County (whence the child originally had resided). At Conley's instruction (and allegedly after Conley was asked to submit such), one of her employees (the program therapist) prepared a therapeutic treatment plan for the child, and Conley signed it. Conley had the employee send the report by facsimile directly to the Perry Family Court rather than to DCBS.

Conley (and others) transported the child from Floyd County to Perry County to attend the hearing. Conley stated that, once there, she was invited into the courtroom by Shena Halsey, a DCBS social worker in Perry County. Conley did not testify at the hearing, but her report (which apparently was in conflict with the recommendations made by DCBS) was entered into the record.

In the days and weeks following the hearing, information was exchanged up the chain of command about Conley's treatment report and her attendance at the hearing. Three meetings were held with the director of MCCC and DCBS's service region administrator of the Eastern Mountain District. MCCC made the decision to terminate Conley's employment for cause. She was given notice in person and by written letter on October 12, 2012. The reasons stated for Conley's termination were that Conley had violated client confidentiality and failed to work with community partners (specifically DCBS).[1]

On December 30, 2013, Conley filed a wrongful termination case in which she alleged that MCCC discriminated against her because of her age. After extensive discovery and numerous hearings on the pleadings, the Floyd Circuit Court granted MCCC's motion for summary judgment on November 17, 2015. Conley's motion to alter, amend or vacate was denied on March 9, 2016, and Conley appeals from both orders.

We begin by stating the standard of review:

Summary judgment may be granted only if "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Further, "a party opposing a

---

1. The original termination letter included an allegation that Conley had testified without permission; that charge was deleted in the subsequent letter that was substituted in Conley's file.

properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482. On review, the appellate court must determine "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

*Flock v. Brown-Forman Corp.*, 344 S.W.3d 111, 114 (Ky. App. 2010).

■ In an age discrimination case, summary judgment requires further analysis, namely:

The plaintiff must first establish a *prima facie* case of age discrimination by showing that [s]he: (1) was a member of a protected class; (2) was discharged; (3) was qualified for the position from which [s]he was discharged; and (4) received disparate treatment from a similarly situated younger person or was replaced by a significantly younger person. *Id.* at 496. Under the *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) ] framework, a plaintiff is not required to introduce direct evidence of discrimination. *Kline v. Tennessee Valley Authority*, 128 F.3d 337, 349 (6th Cir. 1997); *Williams [v. Wal–Mart Stores, Inc.*, 184 S.W.3d 492, 496 (Ky. 2005) ].

*Flock, supra*, at 114.

■ The Floyd Circuit Court found that Conley had in fact made a *prima facie* case for age discrimination: She was over forty years old; she was discharged by MCCC; she was qualified for the position she held with MCCC; and she was replaced by a younger person. Conley takes no exception with this aspect of the circuit court's analysis.

■ The burden then shifted to MCCC "to articulate a legitimate, nondiscriminatory reason for the termination." *Flock* at 116 (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817). The circuit court found that MCCC's reasons for terminating Conley were sufficiently probative as "legitimate" and "nondiscriminatory" (*see Williams, supra*, at 497,) because "[m]uch of the discovery taken in this case matter relate[d] to [Conley's] disclosure of a confidential treatment recommendation to the Perry Family Court and whether that disclosure constituted a terminable action."

■ We agree with the circuit court that the second prong of the *McDonnell Douglas* test was met by MCCC. We have examined the voluminous record and agree that the employer's reasons for termination of Conley met the summary judgment standard in regard to the employer's burden. "[T]he burden of refuting the *prima facie* case need not be met by persuasion; the employer need only articulate with clarity and reasonable specificity, a reason unrelated to a discriminatory motive, and is not required to persuade the trier of fact that the action was lawful." *Kentucky Ctr. for the Arts v. Handley*, 827 S.W.2d 697, 700 (Ky. App. 1991) (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 258, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

■ The burden once again shifted to Conley, this time to prove that MCCC's stated reasons for discharge were a pretext for age discrimination. As the circuit court correctly stated, it was incumbent upon Conley to submit "proof of cold hard facts creating an inference showing age discrimination was a determining factor in the discharge." *Harker v. Federal Land Bank of Louisville*, 679 S.W.2d 226, 229 (Ky. 1984). The circuit court found Conley's evidence to consist of "subjective beliefs and theories" rather than "specific

evidence of pretext" necessary to avoid summary judgment. *Id.* at 230. Conley's allegations of pretext (namely, that she was simply following orders, that MCCC was inconsistent in its enforcement of its own privacy policy, that the missing facsimile pages must have included a waiver, that the termination letter was altered after the fact, that MCCC's hiring policies changed after Conley was terminated) do not rise to the level of "cold hard facts" sufficient to create an inference of age discrimination. The Floyd Circuit Court correctly granted MCCC's motion for summary judgment.

■■■■ Moreover, as the circuit court noted in denying Conley's motion to alter, amend or vacate (pursuant to Kentucky Rule of Civil Procedure (CR) 59.05), Conley was an at-will employee and MCCC was within its rights to terminate her. In Kentucky, an employee's long tenure with an employer will not serve to create an implied duty of good faith dealing. *Wyant v. SCM Corporation*, 692 S.W.2d 814, 816 (Ky. App. 1985). An employee is just as terminable at will after twenty-four years as he was on his first day of work. There is nothing in the record to indicate that [the employer] stepped outside the bounds of decency in the manner in which he discharged [the employee]. The Court understands that [the employee] was distressed by his sudden discharge as, indeed, most people in his position would be. However, defendants were doing nothing more than they were legally entitled to do and summary judgment must be granted on this claim also. *Harvey v. I.T.W., Inc.*, 672 F.Supp. 973, 976 (W.D. Ky. 1987). Thus the Floyd Circuit Court correctly denied Conley's CR 59.05 motion.

The judgment and order of the Floyd Circuit Court are affirmed.

ALL CONCUR.