RENDERED:  NOVEMBER 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0130-MR

GARY MESZAROS                                       APPELLANT

v.
APPEAL FROM WARREN CIRCUIT COURT
HONORABLE JOHN GRISE, JUDGE
ACTION NO. 22-CI-00142

WESTERN KENTUCKY
UNIVERSITY                                       APPELLEE

OPINION
DISMISSING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND McNEILL, JUDGES.

COMBS, JUDGE:  Appellant, Gary Meszaros (Meszaros), *pro se*, appeals from an Order of the Warren Circuit Court granting summary judgment in favor of Appellee, Western Kentucky University (WKU).  For the reasons set forth below, we strike Meszaros's appeal for noncompliance with the Kentucky Rules of Appellate Procedure (RAP) and dismiss this appeal.

On February 8, 2022, Meszaros, then by counsel, filed a Verified Complaint against his former employer, WKU, alleging age discrimination, wrongful termination, breach of implied contract, and intentional infliction of emotional distress.

On January 11, 2023, WKU filed a motion for summary judgment. WKU argued that Meszaros's KCRA[1] age discrimination claim failed as a matter of law. WKU also argued that Meszaros's common-law and breach of contract claims were subject to dismissal. WKU explained that Meszaros generally alleged that WKU committed common-law wrongful termination, breached an implied employment contract, and intentionally subjected him to emotional distress by terminating his at-will employment without a hearing. WKU argued that it was entitled to governmental immunity on these claims, which, it emphasized, were meritless.

Ultimately, on December 22, 2023, the circuit court entered an Order granting WKU's motion as follows in relevant part:

> Plaintiff, Gary Meszaros, worked for Western Kentucky University ("WKU") from 2005 until February 10, 2017, at which time WKU terminated him after investigating allegations of sexual harassment. On February 8, 2022, plaintiff initiated this lawsuit alleging that WKU terminated him because of his age, and that by terminating him without a hearing, WKU committed

---

[1] Kentucky Civil Rights Act.

wrongful termination, breached an implied contract, and intentionally subject him to emotional distress.

The circuit court discussed the applicable law regarding Meszaros's claim of age discrimination. KRS[2] 344.040(1)(a) (unlawful practice for employer to discriminate on basis of age, forty and over); *Williams v. Wal-mart Stores, Inc.*, 184 S.W.3d 492, 495 (Ky. 2005) (holding that Kentucky Supreme Court has interpreted civil rights provisions of KRS Chapter 344 consistent with applicable federal anti-discrimination laws). The court explained that absent direct evidence of discriminatory animus, a plaintiff must satisfy the burden-shifting test of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

Under that analysis, the plaintiff bears initial burden of establishing a *prima facie* case by showing that he: was a member of a protected class; was discharged; was qualified for the position from which he was discharged; and was replaced by significantly younger person. *Conley v. Mountain Comprehensive Care Center, Inc*., 533 S.W.3d 705, 708 (Ky. App. 2017). The *McDonnell Douglas* Court further explained that if plaintiff produces evidence establishing these elements, the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason for the termination." *Id.* Once the employer does so, the

---

[2] Kentucky Revised Statutes.

burden shifts back to the plaintiff to prove that the employer's justification was

pretextual. *Id.*

The circuit court concluded that WKU was entitled to summary

judgment on Meszaros's age-discrimination claim, explaining as follows:

> In this case, plaintiff cannot show that he was
> replaced by a significantly younger person in order to
> show a *prima facie* case of age-discrimination. Plaintiff
> alleges in his complaint that "it is his understanding and
> belief that he [was] replaced . . . by a significantly
> younger worker," and claimed that the "younger person"
> was Brad Wheeler. (Compl., ¶ 39; Def's. Mem. Supp.
> Mot. Summ. J., Ex A). However, during his deposition,
> plaintiff acknowledged that the only department he was
> responsible for overseeing at the time of his termination
> was food services, and that after his discharge, Brian
> Kuster, who was plaintiff's supervisor, began managing
> food services as part of his role as Vice President of
> Student Affairs. (Def's. Mem. Supp. Mot. Summ. J., Ex.
> A).
>
> At the time of his termination, plaintiff was 58
> years old, and Brian Kuster, who initially assumed
> plaintiff's job duties, was 55 years old. The insubstantial
> age difference between these individuals is legally
> insufficient to demonstrate a *prima facie* case that
> plaintiff was replaced by someone "significantly
> younger." There is no proof of "cold hard facts" showing
> that [Meszaros's] age was a "determining factor" in his
> firing. Furthermore, plaintiff acknowledges in his
> deposition that no one at WKU ever commented about
> his age or otherwise treated him differently due to his
> age.
>
> Furthermore, WKU has articulated a legitimate,
> non-discriminatory reason for terminating him, and
> plaintiff cannot show that the reason is pretextual. WKU

terminated plaintiff because it determined that he was sexually harassing his subordinates and making the female college students with whom he worked feel uncomfortable.

Given the aforementioned reasons, WKU is entitled to summary judgment on plaintiff's age discrimination claims.

With respect to Meszaros's remaining common-law and contract claims, the circuit court determined that WKU, as a state agency, was entitled to governmental immunity; furthermore, it concluded that each of those claims was without merit.

Meszaros, *pro se*, appealed. However, his status as being a *pro se* litigant does not exempt him from following our procedural rules. *Koester v. Koester*, 569 S.W.3d 412 (Ky. App. 2019). RAP 32 provides in relevant part that:

(A) Appellant's Opening Brief. An appellant's opening brief must contain the following sections, in the following order.

. . .

(3) A statement of the case consisting of a summary of the facts and procedural events relevant and necessary to an understanding of the issues presented by the appeal, with ample references to the specific location in the record supporting each of the statements contained in the summary.

(4) An argument conforming to the statement of points and authorities, with ample references to the specific location in the record and citations

-5-

of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

RAP 10 (B) provides that "the failure of a party to substantially comply with the rules is ground for such action as the appellate court deems appropriate, which may include . . . (3) Striking of filings, briefs, record or portions thereof, . . . [and] (5) A dismissal of the appeal . . . ."

Meszaros's "statement of the case" does not contain a single reference to the record -- nor does the preceding (non-compliant) section of his brief captioned, "Background Information on the Case." Kentucky law holds that "[s]upporting factual assertions with pinpoint citations may, in fact, be the most substantial requirement of CR[3] 76.12."[4] *Commonwealth v. Roth*, 567 S.W.3d 591, 595 (Ky. 2019).

Indeed, the *only* attempted reference to the record in Meszaros's brief appears under the "ARGUMENT" section at page 12 as follows:

**The granting of summary judgment was premature, as discovery was restricted**.

(This error is preserved at ROA, p. 315[.])

---

[3] Kentucky Rules of Civil Procedure.

[4] Now RAP 32.

(Bold-face original.)

However, *there is no page 315 in the record before us.*[5] It appears that it might have been a reference to the record in another case because the majority of Meszaros's argument is a recitation of boilerplate legal standards which appears to have been cut and pasted from another brief.

In its Appellee's brief, WKU notes that we have the option to strike Meszaros's brief for noncompliance with the procedural rules and adds that "even if his non-compliance with the briefing rules is excused, it's difficult if not impossible to tell whether he is actually contesting . . . the dismissal of his common-law and contract claims." WKU further notes that "[s]hould this Court construe any statements or arguments in [Meszaros's] brief as opposing the dismissal of his common-law and contract claims, those arguments claims are **not preserved** for appellate review because he did not present them to the trial court." (Emphasis added.)

Meszaros does not address this contention in his reply brief, which is also devoid of any citation to the record.

---

[5] The Clerk's March 25, 2024, Certification reflects that the Record on Appeal in the case before us consists of 209 pages.

In light of the utter lack of any reference to the record in the case before us, we are clearly acting within our discretion to strike Meszaros's brief and to dismiss this appeal for non-compliance with RAP 32(A)(3) and (4).

Accordingly, we dismiss this appeal.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Gary Meszaros, *pro se*
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Thomas N. Kerrick
R. Alexander Thomason
Colton W. Givens
Bowling Green, Kentucky