**Duane HAWKINS, Appellant,**

v.

**Eric MILLER; Robert Iliff and Sherman Hart, Appellees.**

No. 2008–CA–001224–MR.

Court of Appeals of Kentucky.

Nov. 6, 2009.

Duane Hawkins, Louisville, KY, pro se.

James U. Smith, III, Kevin M. Norris, Louisville, KY, for appellees.

Before ACREE, TAYLOR and THOMPSON, Judges.

## OPINION

ACREE, Judge.

Duane Hawkins, *pro se*, appeals from the March 19, 2008, dismissal by the Jefferson Circuit Court of his defamation action against Eric Miller, Robert Iliff, and Sherman Hart, his former supervisors and managers at American Commercial, Inc. (ACI). We affirm.

Hawkins was employed as a laborer at ACI in Louisville, Kentucky, until his discharge on February 27, 2007. Subsequent to his firing, Hawkins filed a claim for unemployment benefits with the Kentucky Unemployment Insurance Commission (KUIC). He also filed a complaint with the Equal Employment Opportunity Commission (EEOC). In response to these complaints, and at both agencies' request, the Appellees submitted statements responsive to Hawkins' allegations and explaining the circumstances leading to his discharge. Hawkins brought the underlying action alleging the Appellees' responses were defamatory and seeking compensatory damages of $6,000,000. The Appellees moved to dismiss the action on the grounds that, since the statements were made in a quasi-judicial setting, the Appellees are entitled to absolute immunity. Agreeing with the Appellees, the trial court granted the motion. This appeal followed.

1. Since 1991, Hawkins has filed more than thirty (30) lawsuits in the Eastern and Western District Courts of Kentucky and our state courts.

While not brought to our attention by the Appellees, we find Hawkins' failure to conform to Kentucky Rules of Civil Procedure (CR) 76.12(4) difficult to ignore. Specifically, Hawkins' briefs fail to comply with the spacing requirement set out in CR 76.12(4)(a)(ii), which states that typewritten briefs "shall be double spaced." Hawkins brief and reply brief are not double spaced. He has used a spacing of slightly more than single spacing resulting in 35 lines per page, whereas compliance with the rule would have allowed him only about 23 lines per page. Such a disregard of the rule puts him at an advantage over the Appellees, who complied with the rule. If Hawkins had complied with the rule, his 24–page brief and 5–page reply brief would be 36½ pages and 7½ pages respectively, and these briefs would have to be stricken because of their length. *See* CR 76.12(4)(b)(i); CR 76.12(8)(a). We also note that while Hawkins attaches an appendix, his statement of the case does not include "ample [or any] references to the specific pages of the record" as required by CR 76.12(4)(c)(iv).

While we recognize that Hawkins is pursuing this appeal without the assistance of legal counsel, we note that these rules are not unknown to him. As the Appellees note, Hawkins is no stranger to our court system.[1] Under these circumstances, we cannot allow an advocate of experience such as Hawkins to ignore our Rules to the prejudice of the Appellees. Therefore, we deem it appropriate to strike Hawkins' briefs, proceed in accordance with *Elwell v. Stone*, 799 S.W.2d 46 (Ky.App.1990), and review the trial court's order dismissing Hawkins' claims for manifest injustice.[2]

2. In *Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky. App.1990), we established the principle that, where an appellant fails to comply with CR 76.12(4)(c)(iv), a reviewing court need only

■ The elements of a defamation claim are set out in *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270 (Ky. App.1981), as follows: (1) a defamatory statement; (2) about the plaintiff; (3) which is published; and (4) which causes injury to reputation. A qualified privilege exists where there is a duty to publish the information in question. *Stewart v. The Pantry, Inc.*, 715 F.Supp. 1361 (W.D.Ky. 1988).

■ A finding of privilege is an issue of law for the court. *See Caslin v. General Electric Company*, 608 S.W.2d 69 (Ky.App. 1980). Here, the trial court found that a qualified privilege existed because the Appellees were providing statements in quasi-judicial/administrative proceedings initiated by Hawkins. While the qualified privilege is lost if the statements are made for an improper purpose, Hawkins has the burden to show that the Appellees used actual malice in publishing the information in order to defeat the qualified privilege. *Baker v. Clark*, 186 Ky. 816, 218 S.W. 280 (Ky.1920). Since Hawkins has provided no evidence of actual malice, dismissal was appropriate and there was no manifest injustice.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

---

undertake an overall review of the record for manifest injustice. We believe that principle applies as well to the failure to comply with CR 76.12(4)(a)(ii) and (b)(i).