RENDERED: APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0307-MR

ALAN HUMMEL                                       APPELLANT

                APPEAL FROM KENTON CIRCUIT COURT
v.           HONORABLE GREGORY M. BARTLETT, JUDGE
                ACTION NO. 06-CR-00580

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND MAZE, JUDGES.

CALDWELL, JUDGE: Alan Hummel appeals, *pro se,* from the Kenton Circuit

Court denial of his motion for a new trial pursuant to Kentucky Rule of Civil

Procedure (CR) 60.02. We affirm the trial court.

## FACTS

In 2006 and 2007, Alan Hummel (hereinafter Hummel) was indicted

on charges of rape in the first degree, rape in the third degree and for being a

persistent felony offender in the second degree. In 2008, a Kenton County jury found him guilty on all charges and he was sentenced to life imprisonment. His convictions and sentence were affirmed on direct appeal to the Kentucky Supreme Court in 2010. *Hummel v. Commonwealth*, 306 S.W.3d 48 (Ky. 2010).

In 2019, he filed a motion pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 alleging ineffective assistance of counsel. The motion was denied by the Kenton Circuit Court and Hummel failed to file a timely notice of appeal of that determination.

In July of 2020, Hummel filed the underlying action, seeking relief from his conviction and sentence pursuant to CR 60.02(d), and attempting to relitigate the failed RCr 11.42 motion. The trial court found the filing untimely and denied it on that ground. Hummel now appeals. We affirm the trial court.

## STANDARD OF REVIEW

We review a trial court's determination as to whether one is entitled to extraordinary relief under CR 60.02 for abuse of discretion. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted)).

## ANALYSIS

At the outset, we must address the failure of Hummel to file a brief which comports to the requirements of CR 76.12(4). Hummel's brief is deficient in several respects.

CR 76.12(4)(a)(ii) requires that typewritten briefs be double spaced and in no smaller than 12-point type. Hummel's brief is single spaced, and the type appears to be 10-point type at most. While Hummel is proceeding *pro se*, he must still ensure that his filings comport with the Rules of Civil Procedure.[1] Also, Hummel is no stranger to representing himself, and must ensure that in choosing to represent himself he is willing to follow the Rules of Civil and Criminal Procedure. *See Hawkins v. Miller*, 301 S.W.3d 507, 508 (Ky. App. 2009).

Additionally, Hummel fails to comport with CR 76.12(4)(c)(iv),[2] which requires the brief contain a "Statement of the Case." This section of a brief

---

[1]     "While *pro se* litigants are sometimes held to less stringent standards than lawyers in drafting formal pleadings, *see Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), Kentucky courts still require *pro se* litigants to follow the Kentucky Rules of Civil Procedure." *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009).

*Prescott v. Commonwealth*, 572 S.W.3d 913, 919 (Ky. App. 2019).

[2]     (iv) A "STATEMENT OF THE CASE" consisting of a chronological summary of the facts and procedural events necessary to an understanding of the issues presented by the appeal, with ample references to the specific pages of the record, or tape and digital counter number in the case of untranscribed videotape or audiotape recordings, or date and time in the case of

should be a factual recitation of the events of the litigation leading to appeal and should contain ample citations to the record on appeal. Hummel's brief contains a section entitled "Statement of the Case," but such paragraph contains argument and no citations to the record and no substantive factual allegations.

Similarly, the brief fails to comport to CR 76.12 (4)(c)(v) in that the "Argument" section of the brief contains no citations to the record.[3] We do note that Hummel placed the order from which he is appealing in the appendix, in accordance with the rule, but failed to indicate where those documents could be found in the record, in contravention of the rule.[4] Attaching documents in an

---

[3] all other untranscribed electronic recordings, supporting each of the statements narrated in the summary.

[O]ur procedural rules "are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination." *Louisville and Jefferson County Metropolitan Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 536 (Ky. 2007) (quoting *Brown v. Commonwealth*, 551 S.W.2d 557, 559 (Ky. 1977)). Therefore, an appellant's compliance with this rule allows us to undergo "meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal[,] [such as] what facts are important and where they can be found in the record. . . ." *Hallis* [*v. Hallis*], 328 S.W.3d [694,] 696 [Ky. App. 2010].

*Koester v. Koester*, 569 S.W.3d 412, 414 (Ky. App. 2019).

[4] An "APPENDIX" with appropriate extruding tabs containing copies of the findings of fact, conclusions of law, and judgment of the trial court, any written opinions filed by the trial court in support of the judgment, the opinion or opinions of the court from which the appeal is taken, and any pleadings or exhibits to which ready reference may be considered by the appellant as helpful to the appellate court. The first item of the appendix shall be a listing or index of all documents included in the appendix. The index shall set forth where the documents may be found in the record.

appendix and then citing to those documents without indicating where the documents appear in the record has previously been held insufficient to comply with the rule requiring citations to the *record*.[5]

When a litigant files a brief which fails to conform with the requirements of CR 76.12, we can respond variously.

> Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only, *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990).

*Hallis*, 328 S.W.3d at 696.

---

> The appellant shall place the judgment, opinion, or order under review immediately after the appendix list so that it is most readily available to the court. Except for matters of which the appellate court may take judicial notice, materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs. In workers' compensation cases the appendix shall include the opinions of the Administrative Law Judge, the Workers' Compensation Board and the Court of Appeals.

CR 76.12(4)(c)(vii).

[5]
> While appending items to the brief enables each member of this Court to quickly review certain documents, it does not obviate the specific language of the rule. Furthermore, an appellate court cannot consider items that were not first presented to the trial court. By citing us to the specific location of the item in the record, we can confirm the document was presented to the trial court and is properly before us. Substantial compliance with CR 76.12 is essential and mandatory.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

Because of the succinct nature of the order here appealed, we will proceed with our review of the order of the Kenton Circuit Court for an abuse of discretion. Hummel is cautioned to ensure that he is aware of and following the dictates of the Rules of Civil Procedure should he have future occasion to engage in appellate litigation as such largesse may not again be extended.

The Kenton Circuit Court found that the CR 60.02 motion was not filed within a reasonable time as required by the rule.[6] The rule requires that a motion pursuant to the rule be filed within a "reasonable time" for those actions filed pursuant to CR 60.02(d), as Hummel's motion was filed.

Hummel was convicted and sentenced in 2008. He pursued a direct appeal, and his conviction and sentence were affirmed by the Kentucky Supreme

---

[6]  On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

CR 60.02.

Court in 2010. The motion for relief pursuant to CR 60.02(d) was not filed until July of 2020, after he had filed an RCr 11.42 motion in 2019 and failed to appeal the denial of that motion in a timely fashion.[7] We do not find that the trial court's determination that the CR 60.02(d) motion was untimely was an abuse of discretion. We note that Hummel provides no justification for the time of his filing, instead incorrectly arguing that the Rule does not require motions to be filed within a reasonable time. CR 60.02(d) clearly does so require.

## CONCLUSION

Trial courts have the discretion to make the determination whether a motion pursuant to CR 60.02 is filed within a reasonable time. "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983); *see also Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009). The trial court exercised that discretion and we find that it did not abuse that discretion. We affirm the trial court.

ALL CONCUR.

---

[7] *Hummel v. Commonwealth*, No. 2019-CA-1389-MR.

BRIEFS FOR APPELLANT:

Alan Hummel, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky